IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF ARIZONA
PHOENIX DIVISION

**JASON LEE VAN DYKE,**
    *Plaintiff,*

v.    CASE NO. CV-18-4003-PHX-JJT

**TOM RETZLAFF,**
    *Defendant.*

## DEFENDANT'S NOTICE OF REMOVAL

Defendant files this notice of removal under Title 28 U.S.C. §1446(a).

## A. Introduction

1. Plaintiff is Jason Lee Van Dyke; defendant is Tom Retzlaff.

2. On November 8, 2018, Van Dyke sued Retzlaff injunctive relief in Maricopa County (AZ) Superior Court. Van Dyke further requests injunctive relief in the form of both a temporary restraining order and a permanent injunction. **See attached Exhibit One.**

3.  On March 28, 2018, Van Dyke filed a lawsuit in Denton County, Texas, <u>seeking identical injunctive relief</u>, along with a claim for damages amounting to $100,000,000.00 (yes, that is $100 million).  **See attached Exhibit Two**.  That lawsuit and request for injunctive relief was removed to federal court on April 10, 2018, and it is currently pending as *Van Dyke v. Retzlaff*, Case 4:18-cv-00247 in the U.S. District Court for the Eastern District of Texas – Sherman Division.

4.  Retzlaff has yet to be served with the instant lawsuit.

## B. Basis For Removal

5.  Removal is proper because there is complete diversity between the parties.  Title 28 U.S.C. §1322(a); *Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899-900 (9th Cir. 2006).  Plaintiff is a citizen of Texas.  Defendant is in Arizona.  Additionally, the amount in controversy exceeds $75,000, excluding interest and costs.  Title 28 U.S.C. §1332(a); *Andrews v. E.I. du Pont de Nemours & Co.*, 447 F.3d 510, 514-15 (7th Cir. 2006).  Specifically, in his original complaint Van Dyke (a *pro se* plaintiff) is alleging loss of $30,000,000.00 in actual damages and $70,000,000.00 in

exemplary damages. **See Exhibit Two** – Plaintiff's Verified Original Petition & Application For Temporary Restraining Order at ¶6.1(b), (d). As a part of Retzlaff's concurrently filed anti-SLAPP motion (which is filed with this Court), he is seeking $1,000,000 in attorney's fees and mandatory sanctions (as provided by the Texas Citizens Participation Act, Texas Civil Practice & Remedies Code chapter 27).[1] Thus, the parties are diverse and the amount in controversy exceeds $75,000.

6.     While it is true that the federal circuit courts are split regarding the proper injunction valuation technique for diversity jurisdiction, under either the theory of the "plaintiff-viewpoint rule" (adopted by the Second, Third, Fifth, Eighth, and Eleventh Circuits[2]) or the "either-viewpoint technique" (adopted by the First, Fourth, Seventh, Ninth, Tenth, and D.C. Circuits[3]), Retzlaff "wins".

---

[1] Due to Arizona choice-of-law provisions, the Texas Anti-SLAPP statute (TCPA) is applicable to this case involving a plaintiff who claims Texas citizenship and who claims his injuries happened in Texas. *Pounders v. Enserch E&C Inc.*, 306 P.3d 9 (Ariz. 2013); see, e.g., *Clifford v. Trump*, 2018 U.S. Dist. LEXIS 178688, *7-9 (C.D. of Calif. Oct 15, 2018) (applying TCPA to Calif. lawsuit involving Pres. Trump).

[2] *See, e.g., Ericsson GE Mobile Commc'ns, Inc. v. Motorola Commc'ns & Elec., Inc.*, 120 F.3d 216, 219 (11th Cir. 1997); *In re Corestates Trust Fee Litig.*, 39 F.3d 61, 65 (3d Cir. 1994); *Kheel v. Port of N.Y. Auth.*, 457 F.2d 46, 49 (2d Cir. 1972); *Mass. State Pharm. Ass'n v. Fed. Prescription Serv., Inc.*, 431 132 (8th Cir. 1970); *Scalise v. Nat'l Util. Serv.*, 120 F.2d 938, 940 (5th Cir. 1941).

[3] *See, e.g., In re Ford Motor Co./Citibank*, 264 F.3d 952, 958 (9th Cir. 2001), *cert. granted in part sub nom.* Ford Motor Co. v. McCauley, 534 U.S. 1126 (2002), *and cert.*

7.     While Retzlaff has never been served with this lawsuit, the propriety of pre-service removal has long been recognized. Specifically, the removal statutes expressly permit defendants to remove state court actions to federal court prior to service under the unambiguous language of Title 28 U.S.C. §1441(b). *See*, e.g., *Cheung v. Bristol-Myers Squibb Co., et al.*, 2017 WL 4570792, at *4 (S.D.N.Y. Oct. 12. 2017).

8.     Van Dyke is an avowed white supremacist who is openly racist and violent, and who claims to be a leader, General Counsel / attorney, and spokesman for an extremist hate group called *The Proud Boys*. Van Dyke admits this in his social media posts, as well as in court documents that he files on behalf of the *Proud Boys* in his capacity as their lawyer in various matters all across the country.

---

*dismissed*, 537 U.S. 1 (2002); *McCarty v. Amoco Pipeline Co.*, 595 F.2d 389, 395 (7th Cir. 1979); *Smith v. Washington*, 593 F.2d 1097, 1099 (D.C. Cir. 1978); *Berman v. Narragansett Racing Ass'n*, 414 F.2d 311, 314 (1st Cir. 1969); *Gov't Emps. Ins. Co. v. Lally*, 327 F.2d 568, 569 (4th Cir. 1964); *Ronzio v. Denver & R.G.W.R. Co.*, 116 F.2d 604, 606 (10th Cir. 1940).



During the times in question in this lawsuit, Van Dyke was just hired as an Assistant District Attorney for Victoria County, Texas, and he is currently a member of the State Bar of Texas, Colorado, Georgia, and Washington, D.C.



9. The basis for this lawsuit is a grievance that Retzlaff filed against Van Dyke with the State Bar of Texas, as well as alleged public criticisms of Van Dyke, which supposedly resulted in the loss of employment with Victoria County and elsewhere, and has resulted in disbarment proceedings being initiated against Van Dyke, along with claims that Retzlaff has been making comments online regarding Van Dyke and supposedly contacting employers and/or clients of Van Dyke. Van Dyke claims to have suffered $100,000,000.00 in damages as a result of Retzlaff's communications, the State Bar complaint, and Retzlaff's alleged actions in publicly exposing Van Dyke as a racist and a white supremacist. This despite the fact of there

having been <u>numerous</u> prior news articles exposing Van Dyke and his actions. See, e.g., <u>Lawyer Suing Anti-Fascist For Calling Him Nazi Sent Death Threats, Racial Slurs On Twitter</u> (*Huffington Post* article, Nov 15, 2017); <u>Lawyer who filed $100M lawsuit arrested on charge of making a false report</u> (*Denton Record-Chronicle* article, Sept 19, 2018). A quick Google search will show even more.

10. This is also the second lawsuit filed by the *pro se* plaintiff in federal court for the very same allegations. See *Jason Lee Van Dyke v. Mockingbird Publishing Co. and Gerald Bello*, Case # 2:17-cv-00745 (E.D. of Texas).

11. Because Van Dyke meets the definition of a *Vexatious Litigant*, pursuant to Texas Civil Practices & Remedies Code chapter 11, having filed 5 or more *pro se* civil actions that resulted in adverse decisions in the past seven years, Retzlaff will be filing a gatekeeper order with the Court at the earliest opportunity.

12. Copies of all pleadings that assert causes of action, all answers to such pleadings (of which there are none), and a copy of all process and orders served upon defendant (defendant has never been served with anything), are attached to this notice as required by 28 U.S.C. §1446(a), as well as required

by Local Rule CV 3.6. Retzlaff verifies that these are true and correct copies of the entire trial court record.

13.   Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the suit has been pending is located in this district.

14.   Defendant will promptly file a copy of this notice of removal with the clerk of the state court where the suit has been pending.

### C. Jury Demand

15.   Plaintiff did not demand a jury in the state-court suit.

Respectfully submitted,

*/s/ Tom*

---

Thomas Retzlaff
2402 E. Esplanade Ln.
PO Box 46424
Phoenix, AZ 85063-6424
(210) 317-9800
email: Retzlaff@texas.net

DEFENDANT, PRO SE

## DECLARATION OF TOM RETZLAFF

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

1. "My name is Tom Retzlaff. I am more than 18 years of age and capable of making this Declaration. I have personal knowledge of the facts and matters set forth herein, which are true and correct.

2. I am the defendant in this lawsuit.

3. Attached are true and correct copies of the state court pleadings and records, as outlined in paragraph 12 above."

I declare under penalty of perjury, that the foregoing is true and correct, dated November 8, 2018.

*Tom*

_____
**TOM RETZLAFF**

## **CERTIFICATE OF SERVICE**

I certify that on November 8, 2018, a copy of this document was served upon plaintiff via 1st class US Mail at his residence of:

**Jason L. Van Dyke, 108 Durango Dr., Aubrey, TX 76227.**

*/s/ Tom*
_____
Thomas Retzlaff