Jason Lee Van Dyke
108 Durango Drive
Crossroads, TX 76227
P - (469) 964-5347
F - (972) 421-1830
E - jason@vandykelawfirm.com

```
✓ FILED      ___ LODGED
___ RECEIVED ___ COPY

    NOV 2 9 2018

CLERK U S DISTRICT COURT
  DISTRICT OF ARIZONA
BY_____ DEPUTY
```

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
PHOENIX DIVISION

| | |
|---|---|
| JASON LEE VAN DYKE<br>    Plaintiff,<br><br>v.<br><br>THOMAS CHRISTOPHER RETZLAFF<br>    Defendant. | §<br>§<br>§<br>§    Case No. CV-18-4003-PHX-JJT<br>§<br>§<br>§ |

## PLAINTIFF'S MOTION TO STIKE

Plaintiff moves that this Court enter an order striking Defendant's "Notice of Filing of Death Threats from Opposing Counsel" (ECF 12).

### I.    FACTS

1. This case was originally filed as an Arizona state court action for an injunction against harassment. The purpose of the filing was to obtain a court order, enforceable by contempt, to stop Defendant from harassing Plaintiff, from harassing members of his family, and from interfering with Plaintiff's law practice.

2. Defendant wrongfully removed this case to this Court on November 8, 2018. This Court lacks subject matter jurisdiction in this cause under 28 U.S.C. § 1332(a). Plaintiff has timely filed a motion to remand this case to state court, but this Court

THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING
TO FEDERAL AND/OR LOCAL RULES AND PRACTICES
AND IS SUBJECT TO REJECTION BY THE COURT.

REFERENCE  CIV LR 5.4
           (Rule Number/Section)

Page 1 of 3

has not yet issued a ruling on Plaintiff's motion.

2. Defendant is now abusing the legal process of this Court, and his electronic filing privileges as a pro se litigant, by filing redundant, immaterial, or scandalous pleadings with this Court. The most recent example of this behavior by Defendant was his "Notice of Filing of Death Threats from Opposing Counsel".

## II. ARGUMENT

3. Defendant's ""Notice of Filing of Death Threats from Opposing Counsel" is a pleading within the meaning of Rule 12(f) of the Federal Rules of Civil Procedure. See ECF 12. Even if it is not a "pleading", it is clearly a "paper" within the meaning of Rule 11 that this Court has the authority to strike.

4. Rule 12(f) permits a court strike scandalous material from a pleading either on its own motion or prior to responding to a pleading.

5. It should further be noted that Defendant's filing is clearly a violation of Rule 11(b)(1) because it has clearly not been presented by Defendant other than to continue to harass, embarrass and abuse Plaintiff.

6. Defendant's notice does not, on its face, allege a counterclaim or request any sort of relief from the Court. It serves no purpose other than to violate Rule 11(b)(1) and Rule 12(f).

7. Plaintiff is not requesting sanctions under Rule 11 at this time, but notes that this Court is permitted to sanction Defendant on its own initiative under Rule 11(c)(3).

### III. CONCLUSION

8. Plaintiff prays that this Court enter an order striking Defendant's Notice of Filing of Death Threats from Opposing Counsel" (ECF 12).

Respectfully submitted,

*/s/ Jason L. Van Dyke*
Jason L. Van Dyke
108 Durango Drive
Crossroads, TX 76227
P – (469) 964-5346
F – (972) 421-1830
Email: jason@vandykelawfirm.com

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served on Thomas Christopher Retzlaff, Defendant, at PO Box 46424, Phoenix, AZ 85063 by First Class U.S. Mail on November 26, 2018.

JASON L. VAN DYKE