THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING TO FEDERAL AND/OR LOCAL RULES AND PRACTICES AND IS SUBJECT TO REJECTION BY THE COURT.
REFERENCE  CIVLR 54
(Rule Number/Section)

Jason Lee Van Dyke
108 Durango Drive
Crossroads, TX 76227
P - (469) 964-5347
F - (972) 421-1830
E - jason@vandykelawfirm.com

FILED ___ LODGED
___ RECEIVED ___ COPY
DEC 0 4 2018
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA
## PHOENIX DIVISION

| | | |
|---|---|---|
| JASON LEE VAN DYKE<br>Plaintiff, | § § § | |
| v. | § § | Case No. CV-18-4003-PHX-JJT |
| THOMAS CHRISTOPHER RETZLAFF<br>Defendant. | § § § | |

**PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM**

Plaintiff, Jason Lee Van Dyke, files this motion to dismiss Defendant's Counterclaim (ECF 16) for failure to state a claim upon which relief can be granted.

### A.  FACTS

1. This lawsuit is the latest in a series of lawsuits filed by Plaintiff for the purpose of compelling Defendant to stop harassing Plaintiff, to stop harassing members of Plaintiff's family, to and to stop tortuously interfering with Plaintiff's law career and practice.

2. Plaintiff initially sued Defendant in Cause No. 4:18-cv-00247, styled *Jason Lee Van Dyke v. Thomas Christopher Retzlaff*, which is currently pending in the U.S. District Court for the Eastern District of Texas. A similar anti-SLAPP motion filed by Defendant in that case was denied by Judge Amos Mazzant III on July 24, 2018

after the Court found that the Texas Citizens Participation Act did not apply in federal court. On July 31, 2018, Judge Mazzant entered an order staying proceedings in that case while the 5th Circuit considers Defendant's appeal of the court's denial of his anti-SLAPP motion.

3. Defendant has continued harassing Plaintiff, harassing members of Plaintiff's family, and tortuously interfering with Plaintiff's law practice during the pendency of the appeal. This case is before the Court because, on November 7, 2018, Plaintiff sought an "injunction against harassment" against Defendant in the Superior Court of Maricopa County, Arizona. The purpose of that proceeding was to obtain an injunction, enforceable through criminal contempt proceedings, that would end Defendant's harassment of Plaintiff (and interference with his law practice) for at least one year.

4. Defendant timely removed this case to federal court on November 8, 2018 and filed an immediate anti-SLAPP motion. Plaintiff has filed a motion to remand this case to state court on the basis that this Court lacks subject matter jurisdiction under 28 U.S.C. § 1332(a). ECF 11. It should further be noted that this Court has ordered Defendant to file a removal notice that is in compliance with the rules, but Defendant has failed to do so. ECF 10. Instead, Defendant has filed scandalous materials with this Court. ECF 12. He has filed baseless motions with the Court. ECF 13.

5. Now, he has filed a similarly baseless counterclaim with this Court in an blatantly fraudulent attempt to avoid a remand. ECF 16.

## II.   ARGUMENT

### ( Grounds )

6   A motion to dismiss for failure to state a claim upon which relief can be granted tests the formal sufficiency of the plaintiff's statement of its claim for relief in the complaint. Republican Party v. Martin, 980 F.3d 943, 952 (4th Cir. 1992). A motion to dismiss a case for failure to state a claim is authorized under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### ( Intentional Infliction of Emotional Distress )

7. Defendant's sole counterclaim is for intentional infliction of emotional distress for supposed death threats and "swatting" attempts supposedly made by Plaintiff and others who Defendant has alleged are acting in concert with him (none of whom have been joined by Defendant to this lawsuit).

8. In Arizona, three required elements are required to prove a claim for intentional infliction of emotional distress: first, the conduct by the defendant must be "extreme" and "outrageous"; second, the defendant must either intend to cause emotional distress or recklessly disregard the near certainty that such distress will result from his conduct; and third, severe emotional distress must indeed occur as a result of defendant's conduct. *Watts v. Golden Age Nursing Home*, 619 P.2d 1032, 1035 (Ariz. 1980).

9. Defendant has wholly failed to plead the elements of his claim. His counterclaim is, in reality, nothing more than his latest violations of Rule 11 and 12(f). He has abused his electronic filing privileges. A review of the pleadings and papers on file in this case demonstrates precisely why Plaintiff sought an injunction to stop Defendant from harassing him in the first place.

10. Irrespective of whether Defendant has a cognizable counterclaim, the filings he has made in this case have demonstrated his true motives: to use a fraudulent counterclaim to avoid a remand of this case to state court and force Plaintiff to defend yet another groundless anti-SLAPP motion in federal court.

### III.   CONCLUSION

11. Defendant's counterclaim fails to state a claim for intentional infliction of emotional distress or any other claim upon which this Court may grant relief to Defendant. The counterclaim is nothing more than a fraudulent attempt by Defendant to avoid remand and increase Plaintiff's litigation costs. Plaintiff's prays that Defendant's counterclaim be dismissed pursuant to Rule 12(b)(6).

Respectfully submitted,

_____
Jason L. Van Dyke
108 Durango Drive
Crossroads, TX 76227
P – (469) 964-5346
F – (972) 421-1830
Email: jason@vandykelawfirm.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served on Thomas Christopher Retzlaff, Defendant, at PO Box 46424, Phoenix, AZ 85063 by First Class U.S. Mail on November 29, 2018.

_____
JASON L. VAN DYKE