Jason Lee Van Dyke
108 Durango Drive
Crossroads, TX 76227
P - (469) 964-5347
F - (972) 421-1830
E - jason@vandykelawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA
## PHOENIX DIVISION

| | | |
|---|---|---|
| JASON LEE VAN DYKE<br>Plaintiff, | §<br>§<br>§ | |
| v. | § | Case No. CV-18-4003-PHX-JJT |
| | § | |
| THOMAS CHRISTOPHER RETZLAFF<br>Defendant. | §<br>§<br>§ | |

**PLAINTIFF'S RESPONSE AND OBJECTION TO DEFENDANT'S MOTION TO DISMISS UNDER THE TEXAS CITIZENS PARTICIPATION ACT**

Plaintiff, Jason Lee Van Dyke, files this response and objection to Defendant's motion to dismiss under the Texas Citizens Participation Act ("TCPA"). Plaintiff asks that this Court deny the motion, that this Court make a finding that Defendant's motion was groundless and filed for the purpose of delay, and that this Court order Defendant to pay Plaintiff's attorney fees incurred in defending against Defendant's groundless motion.

### A.    FACTS

1.    This lawsuit is the latest in a series of lawsuits filed by Plaintiff for the purpose of compelling Defendant to stop harassing Plaintiff, to stop harassing members of Plaintiff's family, to and to stop tortuously interfering with Plaintiff's law career and practice.

2. Plaintiff initially sued Defendant in Cause No. 4:18-cv-00247, styled *Jason Lee Van Dyke v. Thomas Christopher Retzlaff*, which is currently pending in the U.S. District Court for the Eastern District of Texas. A similar anti-SLAPP motion filed by Defendant in that case was denied by Judge Amos Mazzant III on July 24, 2018 after the Court found that the Texas Citizens Participation Act did not apply in federal court. On July 31, 2018, Judge Mazzant entered an order staying proceedings in that case while the 5th Circuit considers Defendant's appeal of the court's denial of his anti-SLAPP motion.

3. Defendant has continued harassing Plaintiff, harassing members of Plaintiff's family, and tortuously interfering with Plaintiff's law practice during the pendency of the appeal. This case is before the Court because, on November 7, 2018, Plaintiff sought an "injunction against harassment" against Defendant in the Superior Court of Maricopa County, Arizona. The purpose of that proceeding was to obtain an injunction, enforceable through criminal contempt proceedings, that would end Defendant's harassment of Plaintiff (and interference with his law practice) for at least one year.

4. Defendant timely removed this case to federal court on November 8, 2018 and filed an immediate anti-SLAPP motion. Plaintiff has filed a motion to remand this case to state court on the basis that this Court lacks subject matter jurisdiction under 28 U.S.C. § 1332(a). Although this Court has no jurisdiction over the subject matter of this lawsuit, Plaintiff files this response as a precautionary measure to

prevent the possibility of this Court ruling on Defendant's motion without also considering Plaintiff's arguments against it.

### B. PLAINTIFF'S ANTI-SLAPP EVIDENCE

5. Plaintiff offers as evidence in this proceeding the petition for an injunction against harassment that was filed by him in the Superior Court in and for Maricopa County, Arizona.

6. Plaintiff also offers as evidence the affidavit attached hereto as Exhibit "1".

### C. OBJECTIONS TO DEFENDANT'S EVIDENCE

7. With the exception of Defendant's own affidavit (ECF 13-1), Plaintiff objects to the admissibility of all evidence attached to Defendant's motion under the TCPA.

8. The TCPA states: "in determining whether a legal action should be dismissed under this chapter, the court shall consider the pleadings and supporting and opposing affidavits stating the facts on which the liability is based." Tex. Civ. Prac. & Rem. Code § 27.006(a); *Pena v. Perel*, 417 S.W.3d 552, 556 (Tex. App. -- El Paso 2013, no pet.).

9. This Court should strike all of Defendant's evidence in support of his motion to dismiss, as well as the evidence attached to his motion to supplement, with the exception of Defendant's affidavit.

### D. OBJECTION TO ORAL ARGUMENT

10. Plaintiff objects to oral argument in this case because such argument would not assist this Court in determining Defendant's motion. A trial court's determination

of a motion under the TCPA may not be based on live testimony or argument presented at a hearing. *Id.* at 556.

11. The TCPA requires a hearing. Tex. Civ. Prac. & Rem. Code § 27.004. However, the TCPA does not require an *oral* hearing and, under the circumstances of this case, oral argument is unnecessary. Accordingly, Plaintiff objects to Defendant's request for oral argument.

### E. ARGUMENT AND CITATION TO AUTHORITIES
### ( Defendant's Burden )

12. In a motion to dismiss under the TCPA, a Defendant bears the initial burden of proving that the Plaintiff's lawsuit was brought in relation to, or in response to, a parties exercise of the right to free speech, right to petition, or right of association. Tex. Civ. Prac. & Rem. Code § 27.003(a).

13. The burden of proof on Defendant is a preponderance of the evidence. Tex. Civ. Prac. & Rem. Code § 27.005(b); *Newspaper Holdings, Inc. v. Crazy Hotel Assisted Living, Ltd.*, 416 S.W.3d 71, 80-81 (Tex. App. -- Houston [1st Dist.] 2014, pet. denied). Plaintiff denies that Defendant pleadings and affidavits establish, by a preponderance of the evidence, that this lawsuit was brought in relation to, or in response to, his exercise of the right to free speech, right to petition, or right of association. Rather, it establishes what Plaintiff has stated in his proceedings from the date this lawsuit was filed: this lawsuit was brought in relation to Defendant's perceived right to harass and stalk Plaintiff, to harass and stalk members of

Plaintiff's family, and to tortiously interfere with Plaintiff's law practice.

14. Any consideration of the pleadings and papers on file in this case clearly demonstrates that Defendant has harassed Plaintiff significantly in the past and desires a ruling from this Court affirming his intention to continue doing so in the future. A desire to stalk and to harass is insufficient to establish a *prima facie* case within the meaning of the TCPA.

### ( Elements of Plaintiff's Case )

15. Even if Defendant could establish a prima facie case, this Court would then be required to look to Plaintiff"s pleadings, and the affidavit attached to this motion, to determine whether Plaintiff can establish "by clear and specific evidence a prima facie case for each essential element of the claim in question." To determine this fact, the Court must look to Plaintiff's petition for an injunction against harassment and the elements of such a claim.

16. There is no dispute that Plaintiff verified his written, petition in obedience to A.R.S. 12-1809(B), that Defendant is over twelve years of age, and that Defendant is the only person against whom Plaintiff sought an injunction against harassment.

17. There is no dispute that Plaintiff met the pleading requirements of A.R.S. 12-1809(C) including, but not limited to: (a) his name and address; (b) the name and address of Defendant; (c) a specific statement concerning the events and dates of the acts constituting harassment; (d) the name of any court where prior relief was sought; and (e) the relief sought. The term harassment is defined by A.R.S. 12-

1809(S) as "a series of acts over any period of time that is directed at a specific person and that would cause a reasonable person to be seriously alarmed, annoyed or harassed and the conduct in fact seriously alarms, annoys or harasses the person and serves no legitimate purpose."

18. Plaintiff's petition cites multiple instances of harassment during the course of the one year period prior to filing the petition including:

   (a) Tortious interference with Plaintiff's employment with Karlseng, LeBlanc & Rich L.L.C. by making false and defamatory statements to Plaintiff's supervisor and publishing false and defamatory statements concerning Plaintiff's supervisors. Plt.'s Pet. ¶ 3.2 - 3.3;

   (b) Tortious interference with Plaintiff's contract for legal representation between him, Claude Rich, and Catia Rich. Plt.'s Pet. ¶ 3.4

   (c) Harassing communications to clients of Plaintiff, including Gavin McInnes, for the purpose of interfering with the relationship between Plaintiff and the clients of his law practice. Plt.'s Pet. 3.7 - 3.9.

   (d) Harassing electronic e-mail communications from Defendant using his "Dean Anderson" pseudonym. Plt.'s Pet. 3.10 - 3.11.

   (e) Harassment of Plaintiff's brother, as well as his elderly mother, by the posting of their pictures, addresses, and employment information on Defendant's blog. Plt.'s Pet. ¶ 3.12 - 3.13.

19. All of these acts would cause a reasonable person to be seriously alarmed,

annoyed, and harassed. The affidavit attached to this motion demonstrates that Plaintiff was, in fact, seriously alarmed, annoyed, and harassed by Defendant's actions. Defendant's actions clearly served no purpose other than to alarm, annoy, or harass Plaintiff.

20. When considering whether a Plaintiff has met its burden of proof under the TCPA to defeat an anti-SLAPP motion, a court must consider the pleadings and evidence in the light most favorable to the Plaintiff. *Newspaper Holdings*, 416 S.W.3d at 81.

### ( Sanctions )

21. The TCPA permits a court to award reasonable attorney fees and costs to a party defending against a motion brought under the TCPA if the court finds that the motion was frivolous or solely intended to delay. That is precisely what Defendant's motion is; yet another delay tactic intended to consume Plaintiff's time and resources while denying him the opportunity to put an end to Defendant's stalking behavior once and for all.

22. Plaintiff is an attorney licensed to practice law in Texas, Georgia, Colorado, and Washington D.C. Plaintiff has set forth in his affidavit the time spent preparing this response and the reasonable rate he would charge a client to prepare a response of this nature. Plaintiff prays that this Court award him attorney fees in the amount of $10,000.00 (ten thousand dollars) pursuant to Tex. Civ. Prac. & Rem. Code § 27.009(b).

### F. CONCLUSION

21. Defendants motion to dismiss under the TCPA is frivolous and has brought solely to delay proceedings in this case. Defendant cannot, by his pleadings and affidavits, establish by a preponderance of the evidence that Plaintiff's claim relates to Defendant's legitimate exercise of his constitutional rights. Even if he could, the Arizona legislature's definition of "harassment" under A.R.S. 12-1809 is extraordinarily broad and, when construing the pleadings and evidence in the light most favorable to Plaintiff, he can clearly make a *prima facie* case.

22. Once again, Defendant has used the legal process of a court to further harass Plaintiff and to delay justice. This Court should not tolerate this behavior by Defendant and should award Plaintiff, who is an attorney, a reasonable value for the time spent by him in responding to Defendant's groundless motion.

### G. PRAYER FOR RELIEF

23. Plaintiff prays that this Court enter an order denying Defendant's motion to dismiss under the TCPA and ordering Defendant to pay Plaintiff's reasonable and necessary attorney fees in the amount of ten thousand dollars.

Respectfully submitted,

_____
Jason L. Van Dyke
108 Durango Drive
Crossroads, TX 76227
P – (469) 964-5346
F – (972) 421-1830
Email: jason@vandykelawfirm.com

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was served on Thomas Christopher Retzlaff, Defendant, at PO Box 46424, Phoenix, AZ 85063 by First Class U.S. Mail on December 3, 2018.

*/s/ Jason L. Van Dyke*

JASON L. VAN DYKE