Jason Lee Van Dyke
108 Durango Drive
Crossroads, TX 76227
P - (469) 964-5347
F - (972) 421-1830
E - jason@vandykelawfirm.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ARIZONA
### PHOENIX DIVISION

| | | |
|---|---|---|
| JASON LEE VAN DYKE | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Case No. CV-18-4003-PHX-JJT |
| | § | |
| THOMAS CHRISTOPHER RETZLAFF | § | |
|     Defendant. | § | |

### PLAINTIFF/COUNTER-DEFENDANT'S ORIGINAL ANSWER

Plaintiff, Jason Lee Van Dyke ("Van Dyke"), file this original answer to Defendant's Counterclaim. By way of an introduction, Van Dyke states that he has no desire to continue litigating against Defendant and is filing this answer only because the law requires it.

### DENIALS

1. Defendant has failed to number any of the paragraphs of his answer and counterclaim which, for the most part, contain nothing but irrelevant personal attacks directed at Van Dyke and the types of sanctionable allegations that are typical of Defendant in this and other cases. Van Dyke denies all of the allegations made in sections A (admissions and denials) and B (defenses and affirmative defenses) to Defendant's Answer (ECF 30).

## JURISDICTION AND VENUE

2. Van Dyke denies that this Court has jurisdiction over the subject matter of this case under 28 U.S.C. § 1332(a).

## COUNTERCLAIM

3. Van Dyke denies being liable to Retzlaff for intentional infliction of emotional distress.

4. Van Dyke denies targeted internet harassment of Thomas Retzlaff.

5. Van Dyke denies targeted internet harassment of Brittany Retzlaff and further denies ever having contact with Brittany Retzlaff

6. Van Dyke denies death threats to Thomas Retzlaff. Van Dyke admits that such threats were made to "Dean Anderson" who is a fictitious person and not a party to this case.

7. Van Dyke denies death threats against Brittany Retzlaff and further denies ever having contact with Brittany Retzlaff.

8. Van Dyke denies "swatting" attempts at Thomas Retzlaff. Van Dyke admits to making multiple reports to law enforcement against Thomas Retzlaff for unlawful harassment, felony stalking, and the unlawful use and possession of Van Dyke's personal identifying information.

9. Van Dyke denies any "swatting" attempts at Brittany Retzlaff and further denies ever having contact with Brittany Retzlaff.

10. Van Dyke denies the existence of any conspiracy with James McGibney. Van Dyke is without personal knowledge of the other allegations made against McGibney in Retzlaff's counterclaim. Van Dyke admits that he has contacted James McGibney concerning Thomas Retzlaff.

11. Van Dyke denies the existence of any conspiracy with Philip Klein and denies ever having worked with or collaborated with Phillip Klein.

12. Van Dyke denies the existence of any conspiracy with Jason "Jay" Liederman and denies ever having worked with or collaborated with Jason "Jay" Liederman.

13. Van Dyke denies the existence of any conspiracy with John Morgan.  Van Dyke admits to contacting John Morgan concerning Thomas Retzlaff.

14. Van Dyke denies the existence of any conspiracy with Gavin McInnes. Van Dyke denies that the Proud Boys is a white supremacist group. Van Dyke denies that he has had any contact with Gavin McInnes concerning Thomas Retzlaff except to warn him about ongoing harassment of Van Dyke and his clients by Thomas Retzlaff.

15. Van Dyke denies the existence of any conspiracy between himself and any members of any person in a position of leadership within the Proud Boys including, but not limited to, the persons named in Defendant's counterclaim.

16. Van Dyke denies that his conduct was extreme and outrageous.

17. Van Dyke denies that this action was designed to chill Thomas Retzlaff's free speech rights. Van Dyke further denies that Thomas Retzlaff has a First Amendment right to unlawfully harass and commit multiple acts of felony stalking

against Van Dyke, members of Van Dyke's family, Van Dyke's friends, Van Dyke's associates, and clients of Van Dyke's law practice.

18. Van Dyke denies that any of his actions caused emotional distress to Thomas Retzlaff - a convicted felon, a known pedophile, and a notorious sociopath, incapable of empathy or rational human emotion. Thomas Retzlaff would have stopped unlawfully harassing and feloniously stalking Van Dyke long ago if doing so actually caused him such emotional distress.

19. Van Dyke denies being the leader of a domestic terrorist group. Van Dyke further denies being a member of any group responsible for "violence all across the country, resulting in the deaths of several people, countless injuries, and property damage"

20. Van Dyke denies that Thomas Retzlaff is scared of Van Dyke. Thomas Retzlaff is a convicted felon, a known pedophile, and a notorious sociopath, incapable of empathy or rational human emotion. Thomas Retzlaff would have stopped unlawfully harassing and feloniously stalking Van Dyke long ago if doing so actually caused him such fear.

21. Van Dyke admits that Defendant's counterclaim arises out of the same transaction or occurrence as Plaintiff's claims. To wit, the transaction or occurrence referenced is the ongoing unlawful harassment and felony stalking of Van Dyke by Thomas Retzlaff.

22. Van Dyke denies that this case is not the subject of a pending case in another court. This claim relates or pertains specifically to Cause No. 3:18-cv-00247,

styled *Jason Lee Van Dyke v. Thomas Christopher Retzlaff* in the U.S. District Court in and for the Eastern District of Texas.

23. Van Dyke admits that Thomas Retzlaff's "counterclaim" is logically related to the claims he has asserted for an injunction against harassment. Specifically, both claims relate or pertain to Retzlaff's ongoing unlawful harassment and felony stalking of Van Dyke.

24. Van Dyke denies that Thomas Retzlaff has suffered any damages. Plaintiff is the only party who has been damaged in this case and any assertions by Retzlaff to the contrary are absurd on their face. Van Dyke alleges that Thomas Retzlaff's counterclaim is a factually groundless sham that he is using to perpetuate a fraud on this Court with respect to the question of subject matter jurisdiction.

## PRAYER

25. The counterclaim filed by Thomas Retzlaff in this case is legally and factually groundless. It violates Rule 11 of the Federal Rules of Civil Procedure on its face. In any event, this Court lacks subject matter jurisdiction over Plaintiff's claims and Defendant's counterclaims. Plaintiff prays that Defendant's counterclaim be dismissed with prejudice and the Defendant be sanctioned for his frivolous filings in this case in such a manner as this Court deems just and appropriate under the circumstances.

Respectfully submitted,

/s/ Jason Lee Van Dyke
Jason L. Van Dyke
108 Durango Drive
Crossroads, TX 76227
P – (469) 964-5346
F – (972) 421-1830
Email:  jason@vandykelawfirm.com

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was electronically filed on the CM/ECF System, which will automatically serve a Notice of Electronic Filing on Thomas Retzlaff, Defendant.

/s/ Jason Lee Van Dyke
JASON LEE VAN DYKE