

Jason Lee Van Dyke
108 Durango Drive
Crossroads, TX 76227
P - (469) 964-5347
F - (972) 421-1830
E - jason@vandykelawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA
## PHOENIX DIVISION

| | |
|---|---|
| JASON LEE VAN DYKE<br>　　Plaintiff, | §<br>§<br>§ CV-18-04003-PHX-SMB   by SS<br>§ |
| v. | §<br>§ Case No. CV-18-4003-PHX-JJT |
| THOMAS CHRISTOPHER RETZLAFF<br>　　Defendant. | §<br>§<br>§ |

### AFFIDAVIT OF JASON L. VAN DYKE

Before me, the undersigned notary, on this day personally appeared Jason L. Van Dyke, a person whose identity is known to me. After I administered an oath to him, upon his oath he stated:

1. "My name is Jason L. Van Dyke. I am capable of making this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2. I hold the degree of Bachelor of Arts, with a major in Politics, from the University of Dallas. I also hold the degree of Juris Doctor, as well as a Certificate of Concentration in Advocacy, from Stetson University College of Law. I am an attorney licensed to practice law in the State of Texas and have been so licensed since February 8, 2007. I am also licensed to practice

THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING TO FEDERAL AND/OR LOCAL RULES AND PRACTICES AND IS SUBJECT TO REJECTION BY THE COURT.
REFERENCE   CIV LR 5.4
(Rule Number/Section)

law in the District of Columbia, the State of Georgia, and the State of Colorado.

3. I first learned that Defendant started harassing me when a confidential communication from the Board of Disciplinary Appeals, addressed to Defendant, appeared on a website known as "BV Files" (accessible at www.viaviewfiles.net). Attorney disciplinary proceedings in Texas are confidential and I determined that the only way that this blog could have obtained this document was from the Defendant. I communicated with the website to cease and desist and received a response from an individual named "Dean Anderson".

4. On March 25, 2018, this same "Dean Anderson" sent correspondent to my employer, Karlseng, LeBlanc, & Rich L.L.C. ("KLR"), which contained false and defamatory information about me and demanded the termination of my employment. At or around the same day, the "BV Files" blog was updated to include my employer's address, pictures of my supervisors, and pictures of the office staff at my place of employment. My employment was terminated as a result of this blog post on March 27, 2018 and I filed a lawsuit against Defendant the following day. I was annoyed, harassed, alarmed and severely damaged by this conduct.

5. On or around April 1, 2018, I learned that my social security number had been posted in the comments section of Defendant's BV Files blog. I have

monitored the blog regularly since that time to obtain evidence of Defendant's ongoing tortious conduct and criminal activity so that appropriate preventative and defensive measures can be taken. Defendant named many of my clients in both the blog itself and the comments section. Some of these posts have contained the personal information of my clients. These clients include, but are not limited to, Claude Rich, Christine Scallin, Chris David Roberts, Jason McNiel Williams, Spencer Dyson, Jon Langbert, Michael Levy, and Gavin McInnes. I was annoyed and harassed by this conduct of Defendant, directed toward both me and my clients.

6. Separate from my employment with KLR, I was representing Claude and Catia Rich in Cause No. DC-17-06085, styled *Claude Rich, et al. v. Big D Concrete, Inc., et al.,* in the 160th District Court in and for Dallas County, Texas. This representation was also terminated several weeks after my termination from KLR. At the time of termination, Claude Rich confirmed to me that Defendant's postings were the basis for my termination. I was annoyed and harassed by this conduct of Defendant, directed toward me and my client.

7. On May 3, 2018, I was present in Court representing Chris David Roberts in Cause No. 17-10442-431, styled *In The Matter of the Marriage of Jennifer Melisa Jaynes and Chris David Roberts* in the 431st District Court in and

for Denton County, Texas. I was approached by opposing counsel on that date, Attorney Jared Julian, who stated to me that he had been contacted by Defendant about both me and Hon. Jonathan Bailey of the 431st District Court. I informed Mr. Julian that Defendant has been stalking me and further advised him not to correspond with Defendant in any way. I was annoyed and harassed by Defendant's conduct, directed toward me, and communicated to another attorney in the community in which I practice.

8. On May 25, 2018, Gavin Innes (my client) informed me that he had received correspondence from Defendant by mail during which Defendant encouraged him to fire me and threatened his family. I subsequently learned that a copy of this correspondence had been posted on the "BV Files" together with Mr. McInnes' home address, a picture of his home, and a picture of Mr. McInnes' wife and children. At the time, I was representing Mr. McInnes in Cause No. 2:18-cv-10542-LJM-EAS, styled *Joel Vangheluwe, et al. v. GotNews, LLC, et al.* in the U.S. District Court for the Eastern District of Michigan. I was annoyed and harassed by this conduct of Defendant, directed toward me and my client.

9. Between May and October of 2018, I continued to receive unwanted and harassing e-mail correspondence from Defendant under his "Dean Anderson" pseudonym. I have asked him multiple times to stop contact me and he refused to do so. I was annoyed and harassed by this conduct.

10. On or around October 24, 2018, I learned that Defendant had posted information concerning my younger brother and my mother on the "BV Files" blog. This post included information about both of their employers and also included my mother's home address. My mother is seventy years old and is battling breast cancer. Defendant is a convicted felon and is known to associate with other dangerous individuals, so I immediately drove to my mother's home to provide her with a handgun and hollow point ammunition to defend herself. I also drove her to the Frisco Police Department for the purpose of filing a harassment report against Defendant and encouraged her to notify her neighbor, who is a Texas peace officer, about the harassment. I was annoyed, harassed, and extremely alarmed by this conduct.

11. This harassment by Defendant, either in his own name or through the use of his Dean Anderson pseudonym, has been ongoing since at least December 20, 2017. There are no indications that it will stop and Defendant has stated to me that such harassment will continue either until I quit practicing law or until he becomes bored with it.

12. I have been required to take considerable time away from my private law practice to deal with Defendant's ongoing behavior, including the time necessary to file a response to Defendant's groundless motion under the Texas Citizens Participation Act. I have been precluded from accepting

other employment due to Defendant's conduct in this case.

13. The State of Texas has a test for determining how to award attorney fees in cases which provide for an award of attorney fees. The factors considered by Texas courts are known as the *Arthur Anderson* factors.

   a. This first of the factors to be considered by a trial court in awarding attorney fees is "the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly." *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997). In this case, this time and labor required can reasonably be calculated at approximately ten hours. This is consistent with the amount of time normally spent researching and responding to motions such as the motion filed by Defendant.

   b. The second factor is "the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer." *Id*. In this particular case, I represented myself so there were no issues concerning a conflict of interest. However, I was not able to accept other cases due to my obligations in preparing for this case.

   c. The third factor is "the fee customarily charged in the locality for similar legal services." *Id*. It is my opinion that a fair and reasonable fee for defending against a motion such as this, is at least $10,000.00. It should be noted that, in cases involving mentally ill or psychotic individuals (such as

Defendant), I would normally charge double or even triple my regular rates.

d. The fourth factor is "the amount involved and the results obtained." *Id.* In this particular case, Defendant seeks a sanctions judgment in the amount of one million dollars. I am requesting one percent of the amount sought by Defendant as reimbursement of attorney fees for his groundless motion.

e. The fifth factor is "the time limitations imposed by the client or by the circumstances." *Id.* The time limitations imposed by the local rules of practice in this court, the holdings of the 9th Circuit concerning the applicability of anti-SLAPP laws in federal court, as well as the text of the Texas Citizens Participation Act, compelled me to act with all deliberate speed.

f. The sixth factor is "the nature and length of the professional relationship with the client." *Id.* This factor is no applicable here because I am representing myself.

g. The seventh factor is "the experience, reputation, and ability of the lawyer or lawyers performing the services." I offer no opinion on this issue other than to state that Defendant has been very successful in ruining my reputation (hence, this and other lawsuits).

h. The final factor is "whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been

rendered." *Id.* I would normally charge a flat fee of at least $10,000.00 for defending against a motion of this nature.

14. Based upon the factors set forth in paragraph five above, it is my testimony that attorney fees and costs in the amount of $10,000.00 should be awarded to me by this Court for defending against Defendant's groundless motion under the Texas Citizens Participation Act.

JASON LEE VAN DYKE
Affiant

SWORN AND SUBSCIBED TO before me, the undersigned authority, on December 3, 2018.

CHRISTINE SCALLIN
Notary ID #131652665
My Commission Expires
July 23, 2022

Notary Public
State of Texas