Thomas Retzlaff
PO Box 46424
Phoenix, AZ 85063-6424
P: (210) 317-9800
Email: retzlaff@texas.net

Defendant, Pro se

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF ARIZONA
PHOENIX DIVISION

| | |
|---|---|
| JASON LEE VAN DYKE,<br><br>Plaintiff,<br><br>vs.<br><br>THOMAS CHRISTOPHER RETZLAFF A/K/A DEAN ANDERSON,<br><br>Defendant. | Case No.: 2:18-cv-04003-SMB<br><br>**DEFENDANT RETZLAFF'S RESPONSE TO VAN DYKE'S MOTION FOR COURT-ORDERED DISMISSAL (ECF #'S 31 & 37)** |

Defendant asks the Court to allow plaintiff's motion for a court-ordered dismissal only under certain conditions that will eliminate prejudice to the defendant.

## **A. INTRODUCTION**

Plaintiff is Jason Lee Van Dyke; defendant is Thomas Christopher Retzlaff.

On March 28, 2018, Van Dyke sued Retzlaff seeking $100 million ($100,000,000.00) in damages for libel, intrusion on seclusion, tortious interference with contract, and intentional infliction of emotional distress, along with claims for

DEFENDANT'S RESPONSE & OBJECTIONS TO MOTION TO DISMISS- 1

injunctive relief, alleging that Retzlaff caused Van Dyke to lose his job as an Assistant District Attorney for the Victoria County, Texas, DA's Office, and for filing what Van Dyke labels as a "frivolous and harassing" grievance with the State Bar of Texas.[1] That case is currently pending before U.S. District Court Judge Amos Mazzant of the Eastern District of Texas – Sherman Division in Case No. 4:18-cv-00247. (See **ECF 13-7** for a copy of that Texas lawsuit.)[2]

Van Dyke then **filed an identical lawsuit** against defendant in the Superior Court of Maricopa County, Arizona. **ECF 1-1**. Retzlaff removed the case to this federal court on that same date. **ECF 1**.

On November 11, 2018, plaintiff filed a motion seeking remand, (**ECF 11**), which Retzlaff filed an opposition to on December 3, 2018 (**ECF 21**).

On November 21, 2018, plaintiff filed his Rule 26(f) report (**ECF 24**) and Notice of Service of said mandatory disclosures and report (**ECF 26**).

On November 23, 2018, Retzlaff filed his Amended Anti-SLAPP Motion to Dismiss (**ECF 13**) seeking a dismissal with prejudice of Van Dyke's newest legal

---

[1] As a result of Retzlaff's complaint, disbarment proceedings have been initiated in a proceeding styled *Texas Comm'n for Lawyer Discipline v. Jason Lee Van Dyke*, Case No. 201707583, pending before the District 14 Grievance Committee – Evidentiary Panel 14-2, in Denton County, Texas. This matter is set for trial on February 22, 2019.

[2] An anti-SLAPP motion was filed in the Texas case, which is currently before the U.S. Fifth Circuit Court of Appeals on an interlocutory appeal, Case # 18-40710, *Jason Van Dyke v. Thomas Retzlaff*. Both parties have since filed their briefs and are awaiting oral argument.

DEFENDANT'S RESPONSE & OBJECTIONS TO MOTION TO DISMISS- 2

action, as well as mandatory sanctions and attorney's fees, all as provided by the Texas Citizens Participation Act ("TCPA").[3] On December 3, 2018, Retzlaff filed supplemental exhibits in support of his anti-SLAPP motion. **ECF 19**. Retzlaff is requesting $1 million in TCPA sanctions and compensation for his attorney's fees (which are about $65,000 at this moment).

On November 28, 2018, Retzlaff filed a counterclaim against Van Dyke seeking in excess of $75,000 for damages for the intentional infliction of emotional distress due to threats Van Dyke made to murder Retzlaff and Retzlaff's attorney, Jeffrey Dorrell. **ECF 16**; also see **ECF 30** (D's Answer, Jury Demand, Affirmative Defenses & Counterclaim).

On December 4, 2018, Van Dyke filed a motion to dismiss Retzlaff's counterclaim, claiming Retzlaff failed to state a claim upon which relief can be granted, as provided by Fed.R.Civ.P. 12(b)(6). **ECF 27.**

On December 10, 2018, Van Dyke filed an Answer to the counterclaim (**ECF 33**) in which he admits (in relevant part) that Retzlaff's counterclaim arises out of the same transaction or occurrence as Van Dyke's claims (**ECF 33 at ¶21**), and that Retzlaff's claims are logically related to the claims Van Dyke has asserted in his lawsuit against Retzlaff (**ECF 33 at ¶23**).

---

[3] Retzlaff argues that the TCPA applies due to Arizona's choice-of-law procedures. See ECF 13 at pg 6.

DEFENDANT'S RESPONSE & OBJECTIONS TO MOTION TO DISMISS- 3

Shortly thereafter, Van Dyke filed his response and objections to Retzlaff's anti-SLAPP motion. **ECF 32**.

After apparently considering the merits of his legal position (or complete lack thereof), on December 10, 2018, Van Dyke filed motions with both this Court and with the trial court in that Texas lawsuit seeking to have both lawsuits dismissed. See **ECF 37** for the dismissal in this case; see also attached **Exhibit 1** for the dismissal motion filed in the Texas case.

Retzlaff is not objecting to Van Dyke's claims being dismissed – he is just objecting to the proposed terms of the dismissal and wants to ensure he is not prejudiced as a result.

### B. ARGUMENT

Although a court may grant a motion for voluntary dismissal if the nonmovant will not be prejudiced, this is not a case in which the Court should do so without making certain Retzlaff will not be prejudiced. *Hyde v. Hoffman-La Roche Inc.*, 511 F.3d 506, 509 (7th Cir. 2007); see Fed. R. Civ. P. 41(a)(2).

The Court should deny the motion to dismiss under Van Dyke's terms for the following reasons:

1) Defendant will be prejudiced. *Hyde*, 511 F.3d at 513-14; *Wojtas v. Capital Guardian Trust Co.*, 477 F.3d 924, 927 (7th Cir. 2007). Specifically, uncertainty which would remain if the case were not litigated and the parties' contentions

resolved; loss of federal forum and right to a jury trial by Retzlaff; delay by Van Dyke in prosecuting both of these lawsuits and moving for dismissal only after both cases have been heavily litigated and, in the Texas case, appellate briefs filed and oral argument prepared for in the U.S. Fifth Circuit; and substantial legal expenses which had been incurred by Retzlaff in defending both of these obvious SLAPP legal actions! See *Westlands Water Dist. v. U.S.*, 100 F.3d 94, 97 (9th Cir. 1996) (suggested factors that determine legal prejudice).[4]

2) Plaintiff did not present a proper reason for dismissal. *Donner v. Alcoa, Inc.*, 709 F.3d 694, 697-99 (8th Cir. 2013). Van Dyke said that Retzlaff is a "lunatic" and that it is unfair that he has to litigate against a "sociopath." This seems like the pot is calling the kettle black and it is not a proper reason for this Court to allow Van Dyke to escape with a dismissal and an ability to simply refile elsewhere, else when.

3) Defendant's counterclaim was pending before plaintiff served his motion to dismiss, and the counterclaim cannot be independently adjudicated. Fed. R. Civ. P. 41(a)(2); *Smith v. Dowden*, 47 F.3d 940, 943 (8th Cir. 1995).

## I. Retzlaff's Pending TCPA Motion Survives Nonsuit

Defendant filed an anti-SLAPP motion for dismissal seeking mandatory sanctions and attorney's fees before plaintiff's motion to dismiss was filed and served. **ECF 13**. Instead of granting plaintiff's motion to dismiss, the Court should instead rule on the anti-SLAPP motion because a party's decision to nonsuit does not affect a nonmoving party's independent claims for affirmative relief, including motions for dismissal under the TCPA. See, e.g., *CTL/Thompson Tex., LLC v. Starwood*

---

[4] Expense alone does not constitute legal prejudice because the dismissal may be conditioned on the plaintiff's payment of appropriate costs. *Westlands*, 100 F.3d at 97.

DEFENDANT'S RESPONSE & OBJECTIONS TO MOTION TO DISMISS- 5

*Homeowner's Ass'n, Inc.*, 390 S.W.3d 299, 300 (Tex. 2013) (per curiam); *Villafani v. Trejo*, 251 S.W.3d 466, 467 (Tex. 2008); *James v. Calkins,* 446 S.W.3d 135, 142-44 (Tex. App.—Houston [1st Dist.] 2014, pet. denied).

"[A] defendant's motion to dismiss that may afford more relief than a nonsuit affords constitutes a claim for affirmative relief that survives a nonsuit[.]" *Rauhauser v. McGibney*, 508 S.W.3d 377, 381 (Tex.App.—Fort Worth 2014, no pet.), *overruled on other grounds by Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017)). TCPA motions to dismiss survive nonsuit because, unlike a nonsuit, the TCPA motion to dismiss might also allow the movant to obtain a dismissal with prejudice, attorney's fees, and sanctions. *Walker v. Hartman*, 516 S.W.3d 71, 80 (Tex. App.—Beaumont 2017, pet. denied) (TCPA motion to dismiss survived nonsuit filed after motion to dismiss); *Rauhauser*, 508 S.W.3d at 381-83 (same).

Consequently, under Texas anti-SLAPP law, Van Dyke's nonsuit does not moot Retzlaff's pending TCPA motion.

**II. The Court May Add Conditions To The Dismissal**

The Court may condition the granting of plaintiff's motion to dismiss on terms that the Court considers proper to protect defendant. Fed. R. Civ. P. 41(a)(2); *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317-18 (5th Cir. 2002); *McCants v. Ford Motor*

*Co.*, 781 F.2d 855, 856-57 (11th Cir. 1986). Thus, if the Court grants plaintiff's motion to dismiss, defendant asks the Court to:

1) Dismiss the case with prejudice to avoid substantial harm to defendant. See *Elbaor*, 279 F.3d at 320; *Burnette v. Lockheed Missiles & Space Co.*, 72 F.3d 766, 767 (9th Cir. 1995).

2) Order Van Dyke to pay the reasonable attorney fees and costs incurred by Retzlaff in defending these lawsuits as a condition of the dismissal. *See Cone v. West Va. Pulp & Paper Co.*, 330 U.S. 212, 217 (1947); *Belle-Midwest, Inc. v. Missouri Prop. & Cas. Ins. Guar. Ass'n*, 56 F.3d 977, 978-79 (8th Cir. 1995); *see also EMPO Corp. v. J.D. Benefits, Inc.*, No. Civ.03-2480(RHK/AJB) (D.Minn.2003) (slip op.; 6-26-2003) (payable before dismissal). An affidavit establishing reasonable and necessary attorney fees and costs is attached showing Retzlaff has paid attorney's fees of $63,264.20 and court costs of $881.48 (as of Nov 30).

The purpose of awarding costs and attorney's fees is to compensate the defendant for the unnecessary expense that the litigation caused. See *Wells Fargo Bank v. Younan Props., Inc.*, 737 F.3d 465, 468 (7th Cir. 2013). If the dismissal is with prejudice, a court can award costs and attorney's fees to a defendant in "exceptional circumstances." See *Aerotech, Inc. v. Estes*, 110 F.3d 1523, 1528 (10th Cir. 1997) (habitually bringing claims and then dismissing them may constitute an exceptional circumstance).

This case presents an "exceptional circumstance" because Van Dyke has a long and well documented history of filing lawsuits in federal court and then dismissing them when a defendant shows up to challenge the case.

1. *Van Dyke v. Equifax Inc.* (4:15-cv-00418) (ED of Texas), filed June 22, 2015. Motion to dismiss filed by Van Dyke on July 9, 2015.

2. *Van Dyke v. Mockingbird Publishing Co.* (2:17-cv-00745) (ED of Texas), filed November 16, 2017. Motion to dismiss filed by Van Dyke November 24, 2017.

3. *Van Dyke v. Retzlaff* (4:18-cv-00247) (ED of Texas), filed April 10, 2018. Motion to dismiss filed by Van Dyke December 3, 2018.

Retzlaff would further argue that, irrespective of the above, this Court has the authority to enter an order of dismissal on terms that the court considers proper. Fed. R. Civ.P. 41(a)(2). The Court may consider any terms that will alleviate the harm to the defendant. See, e.g., *Versa Prods. V. Home Depot, USA, Inc.*, 387 F.3d 1325, 1328 (11th Cir. 2004). Conditioning the repayment of all of Retzlaff's costs and attorney's fees would alleviate the harm Van Dyke has caused by his vexatious litigation.

## III. This Lawsuit Was Filed In Bad Faith

Van Dyke had absolutely no expectation that he could "win" this lawsuit. And the fact that Van Dyke has had to resort to threats of murder and violence upon Retzlaff and his family shows it!!!

As recently as December 12, 2018, Van Dyke has sent Retzlaff direct communications threatening his life if he does not submit to his demands. See attached **Exhibit 2** – emails from Van Dyke. Retzlaff asks the Court to take this into consideration when decided how best to dispose of this case.

DEFENDANT'S RESPONSE & OBJECTIONS TO MOTION TO DISMISS- 8

To briefly give the Court some background, Jason Van Dyke is an attorney licensed in Texas, Colorado, Georgia, and Washington, D.C., and a former Assistant District Attorney in Victoria County, Texas.[5] He is also a leader of a violent white supremacist group called the *Proud Boys*. As an attorney, he frequently represents them in legal disputes across the country.

Van Dyke is also openly racist, as evidenced by this recent Twitter post using his law firm's official account: **@MeanTXLawyer**.



---

[5] Van Dyke lost this job on March 21, 2017, allegedly based upon a complaint Retzlaff filed with Steve Tyler, District Attorney of Victoria County. The complaint was based upon Van Dyke's violently racist views and leadership within a white supremacist group being incompatible with being a public employee and a prosecutor in Texas – a state with the highest death penalty usage in the country.

DEFENDANT'S RESPONSE & OBJECTIONS TO MOTION TO DISMISS- 9

According to recent news reports, the FBI has classified the *Proud Boys* as an 'extremist' hate group with ties to white nationalism. See attached **Exhibit 3** – The Guardian news article: *FBI now classifies far-right Proud Boys as 'extremist group'*.

Van Dyke is extremely violent and threatening on social media.





DEFENDANT'S RESPONSE & OBJECTIONS TO MOTION TO DISMISS- 10

He is also extremely violent and threatening in person, as evidenced by these video screen shots of Van Dyke running around downtown Austin, Texas, on East Sixth Street with a Bowie Knife on March 25, 2018, engaged in a street brawl with his fellow *Proud Boys* at a political rally near *Shiner's Saloon*.

 

Based upon a grievance filed by Retzlaff in December 2017, the State Bar of Texas conducted a disciplinary investigation into Van Dyke, his behavior, and his ties to white supremacist groups. On March 8, 2018, the Texas Board of Disciplinary Appeals instructed the Office of Disciplinary Counsel to initiate disbarment proceedings against Van Dyke. Attached **Exhibit 8**. See also *Texas Comm'n for*

*Lawyer Discipline v. Jason Lee Van Dyke*, Case No. 201707583, pending before the District 14 Grievance Committee – Evidentiary Panel 14-2 in Denton County, Texas. This matter is set for trial on February 22, 2019.

Shortly after the decision by the State Bar, on March 28, 2018, Van Dyke filed a lawsuit against Retzlaff in retaliation for his bar grievance for libel *per se*, intrusion upon seclusion, tortious interference with contract (Victoria County), tortious interference with contract (KLR), intentional infliction of emotional distress, and a request for injunctive relief. In his lawsuit, Van Dyke is seeking $100 million in damages from Retzlaff, claiming $30 million in actual damages and $70 million in punitive damages. See **ECF 13-7** for a copy of that Texas lawsuit, where it remains pending.

Even before the filing of these lawsuits, Van Dyke has been threatening to murder Retzlaff, his family, and many of his other critics either via direct communications or via social media posts. Starting on or about March 28, 2018, Van Dyke sent a series of very threatening email messages to Retzlaff:

**a) You better have your will made out Thomas. Im coming for YOU!**

**b) You are a dead man**

**c) lol. you are a dead man. enjoy it while it lasts.**

**d) No more lawsuit. See you this weekend with my rifle**

DEFENDANT'S RESPONSE & OBJECTIONS TO MOTION TO DISMISS- 12

> e) **I don't use Twitter. I can't wait to see your fat ass on the other end of my scope. Did you know that a 190 grain 300 Winchester Magnum round travels at approximately 2,800 feet per second?**
>
> f) **What do you want on your polished rock, Tom? I'm coming for you. Sure as God's vengeance I'm coming. Nobody will ever be harassed by you again. Youre taking a dirt nap.**
>
> g) **Kill yourself, Tom.**
>
> h) **Did you know that, when I strangle you, that you could be conscious to feel all of that pain for up to three minutes before brain death occurs? What kind of vegetable would you like to be for the rest of your life? How about a turnip?**

Each of these emails was sent from the same email account that Van Dyke has registered with the State Bar of Texas and with PACER:

**jason@vandykelawfirm.com**

The emails were sent from the following two IP addresses:

a) 2600:387:1:813::7a, which is registered to AT&T Wireless; and,

b) 108.221.148.128, which is registered to AT&T U-verse and geo-locates to Aubrey, Texas, which is where Van Dyke lives / works.

In addition to these death threats, Van Dyke also sent a series of emails to Retzlaff and his attorney (Jeffrey Dorrell of the Houston, Texas, Hanszen Laporte law firm (https://www.hanszenlaporte.com/Our-Team/Jeffrey-L-Dorrell/)) offering to settle his $100 million lawsuit and this instant case for injunctive relief in exchange for Retzlaff agreeing to engage in a public fist fight with Van Dyke! See attached **Exhibit**

**4** – Van Dyke's emails. Van Dyke then sent other threatening emails in the interim, which are also included within **Exhibit 4**.

Furthermore, Van Dyke has threatened Retzlaff's daughter, Brittany, with SLAPP litigation and sent an email calling her a "whore" and promising to drag her into court, too. See attached **Exhibit 5**.

Unsurprisingly, Van Dyke has a very long history of engaging in such conduct. Attached is an email he sent to an opposing party in a lawsuit named Leslie Holtzman on November 12, 2013, bragging about how he has sued "everyone who has ever filed a formal grievance against me with the State Bar", and warning Holtzman that Van Dyke will "make your life a living hell unlike anything you could imagine" should Holtzman file such a grievance. See attached **Exhibit 6** – Van Dyke's email to Holtzman, filed in *Tucker Albin & Assoc. v. Leslie Holtzman*, Case No. DC-13-09161, filed in the 160th District Court of Dallas County, Texas.

As the Court can plainly see, Van Dyke's request for injunctive relief in this lawsuit is a blatant attempt at an unconstitutional prior restraint of Retzlaff's speech. Van Dyke even admits such in an October 19, 2018, email he sent to Retzlaff's attorney, Mr. Dorrell. See attached **Exhibit 7** – Oct 18 email from Van Dyke.

This broad restriction requested by Van Dyke expressly forbidding future speech is a classic example of a prior restraint. See *Alexander v. United States*, 509 U.S. 544, 550 (1993). Prior restraints, which Arizona courts have characterized as "the most

DEFENDANT'S RESPONSE & OBJECTIONS TO MOTION TO DISMISS- 14

serious and least tolerable infringement on First Amendment rights," carry a heavy presumption of invalidity. *Nash v. Nash*, 232 Ariz. 473, 481-82, ¶ 32, 307 P.3d 40, 48-49 (App. 2013).

A restriction like this based on the content of speech is permissible only if narrowly tailored to achieve a compelling state interest. *Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, 460 U.S. 37, 45 (1983). Because of the dangers of prior restraints, even content-neutral injunctions should not burden more speech than necessary to serve a significant government interest. *Madsen v. Women's Health Ctr., Inc.*, 512 U.S. 753, 765 (1994).

But since Van Dyke has now filed two separate motions seeking the court-ordered dismissal of both of these lawsuits in the Texas trial court and here in the Arizona trial court, should conclusively show that his lawsuits lacked any chance at success and all Van Dyke is doing now is trying to escape mandatory anti-SLAPP sanctions.

Retzlaff has suffered considerable expense in defending himself from these simultaneous lawsuits in two courts thousands of miles apart. Van Dyke should not be allowed to escape unscathed and Retzlaff is entitled to this Court's protection.

## C. CONCLUSION

To put it bluntly, these lawsuits are complete garbage. The claims are entirely frivolous and were only filed so as to chill Retzlaff's fundamental Constitutional right of free speech. As a former employee of the Victoria County DA's Office, and as an attorney licensed in four separate jurisdictions, Van Dyke is a "public official" in the truest sense of the word. And as a leader of the *Proud Boys* international white supremacist group, Van Dyke is a public figure.

Even if all the claims made by Van Dyke were true (which they aren't, but let's pretend), but even if the claims in his petition were true, everyone knows that since *Snyder v. Phelps*, 562 U.S. 443 (2011), the Supreme Court has upheld the right of people to "troll" or "harass" others in speech on matters of public concern, in public places, and that this cannot be the basis of any liability – even in circumstances where the speech is viewed or interpreted as "insulting", "offensive" or "outrageous". *Snyder*, 562 U.S. at 458.

As held by the Court in *Hustler Magazine v. Fawell*

> **Generally speaking the law does not regard the intent to inflict emotional distress as one which should receive much solicitude….But in the world of debate about public affairs, many things done with motives that are less than admirable are protected by the First Amendment.**

*Hustler Magazine, Inc. v. Falwell*, 485 U.S. 46, 53 (1988).

As a leader of an international white supremacist organization with over 10,000 members (many of which have recently been arrested for acts of political and racial violence), Van Dyke has to accept that there is going to be a certain amount of "push-back" from the rest of the 7.5 billion people on the planet who disagree with his extremist positions on race and politics.

### D. PRAYER

These lawsuits are the very definition of a SLAPP lawsuit. If the Court is going to grant a dismissal, it should be pursuant to the anti-SLAPP statute and it should be with prejudice and it should order the repayment of Retzlaff's attorney's fees and expenses as a condition of the dismissal.

Respectfully submitted,

Dated: December 15, 2018          By:_____
                                    Thomas Retzlaff
                                    Defendant, In Pro Per

DEFENDANT'S RESPONSE & OBJECTIONS TO MOTION TO DISMISS- 17

# CERTIFICATE OF SERVICE

I certify that on December 15, 2018, a copy of this document was electronically filed on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following attorney in charge for plaintiff Jason Lee Van Dyke:

Jason L. Van Dyke, pro se, Email: jason@vandykelawfirm.com.

I certify that Jason L. Van Dyke is a registered CM/ECF user and that service will be accomplished by the CM/ECF system.

By:_____
Thomas Retzlaff
Defendant, In Pro Per

DEFENDANT'S RESPONSE & OBJECTIONS TO MOTION TO DISMISS- 18