Thomas Retzlaff
PO Box 46424
Phoenix, AZ 85063-6424
P: (210) 317-9800
Email: retzlaff@texas.net

Defendant, Pro se

# IN THE UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF ARIZONA
# PHOENIX DIVISION

| | |
|---|---|
| JASON LEE VAN DYKE, | Case No.:  2:18-cv-04003-SMB |
| Plaintiff, | |
| vs. | **RETZLAFF'S REPLY IN SUPPORT OF HIS AMENDED ANTI-SLAPP MOTION TO DISMISS** |
| THOMAS CHRISTOPHER RETZLAFF A/K/A/ DEAN ANDERSON, | |
| Defendant. | **-- ORAL ARGUMENT REQUESTED --** |

Defendant Tom Retzlaff files this reply in support of his Amended Anti-SLAPP Motion To Dismiss (ECF 13).

## A. INTRODUCTION

Plaintiff is Jason Van Dyke; defendant is Tom Retzlaff.

This case is not set for trial.

## B. FACTS

Plaintiff, a leader of the violent white supremacist group the *Proud Boys* since its founding in 2016, filed the instant SLAPP suit to chill Retzlaff's expression of opinions about

Defendant's Reply in Support of Anti-SLAPP Motion To Dismiss and For Sanctions-                    1

plaintiff.  Plaintiff claims Retzlaff is "stalking" and "harassing" him by blogging about plaintiff's white supremacist activities, contacting plaintiff's employers, and making allegedly "false and defamatory statements."  Retzlaff has allegedly caused plaintiff to lose two jobs.

Plaintiff is also a lawyer licensed in Colorado, Georgia, Texas, and Washington, D.C.  Plaintiff has made numerous media appearances on behalf of the *Proud Boys* and represents them in their numerous legal controversies across the nation.  See attached **Exhibit 1**.  Thus, plaintiff is a public figure pervasively involved in international public affairs, law, politics, and race relations.  Retzlaff's anti-SLAPP motion should be granted for the following reasons:

1. Texas law governs the instant motion.

2. The motion alleges defects in the pleadings and legal deficiencies in plaintiff's claims, and thus may be resolved by the Court without undue delay.

3. Plaintiff is seeking an injunction prohibiting Retzlaff from engaging in future speech about or pertaining to plaintiff and his activities.

4. Retzlaff has a fundamental constitutional right to communicate on matters of public concern involving public figures.

5. Retzlaff has a fundamental constitutional right to engage or participate in an economic boycott against plaintiff and his employers.

6. Plaintiff is required to plead specific acts and dates of alleged "harassment" in a written, verified petition, which he has not done, and the "harassment" complained of is, in fact, constitutionally protected speech.

Since *Snyder v. Phelps*, 562 U.S. 443 (2011), the right "troll" or "harass" others in speech on matters of public concern has been clear—even when the speech is "insulting,"

"offensive," or "outrageous."  *Snyder*, 562 U.S. at 458.  This is exactly the sort of legal action the anti-SLAPP laws were intended to deter.

### I.  Texas Substantive Law Governs This Legal Action

Plaintiff does not dispute that Texas anti-SLAPP law applies because Arizona conflicts principles govern this action.  *Sarver v. Chartier*, 813 F.3d 891, 897 (9th Cir. 2016); *Pounders v. Enserch E&C Inc.*, 306 P.3d 9, 11-13 (Ariz. 2013); *see, e.g.*, *Clifford v. Trump*, 2018 U.S. Dist. LEXIS 178688, *7-9 (C.D. of Calif. Oct 15, 2018) (applying TCPA to California lawsuit involving President Trump).

The TCPA applies to any "lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim **or any other judicial pleading or filing that requests legal or equitable relief**" that is based on or relates to a communication made in connection with a "matter of public concern." Tex. Civ. Prac. & Rem. Code § 27.001(3) (defining "exercise of the right of free speech") and (6) (defining "legal action").  A "matter of public concern" is defined expansively to include an issue related to "health or safety;" economic or community "well-being;" and a "good, product, or service in the marketplace." *Id.*, § 27.001(7).  A petition for a civil harassment injunction is a legal action seeking equitable relief, found in Ariz. Rev. Stat. § 12-1809.

### II.  The Court Can Rule On The Pleadings

For purposes of the Federal Rules of Civil Procedure, a motion brought on anti-SLAPP grounds can either be analogous to a Rule 12 motion to dismiss or a Rule 56 motion for summary judgment.  If a defendant moves to dismiss based on purely legal arguments and the fact that a complaint does not allege sufficient facts to support its stated causes of action, this

1  Court analyzes the motion under the standards set out in Federal Rule of Civil Procedure 8
2  and 12(b)(6).  See *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890
3  F.3d 828, 833–34 (9th Cir. 2018).  If a defendant makes a factual challenge to a complaint,
4  
5  including by providing alternate facts to challenge the allegations in a complaint, this Court
6  treats the motion to dismiss as a motion for summary judgment.  *See id.*
7  
8       Retzlaff's anti-SLAPP motion is analogous to a Rule 12 motion to dismiss because it
9  makes three main arguments, all of which assume the truth of the allegations in the
10 complaint.  Retzlaff's anti-SLAPP motion asks the Court to dismiss plaintiff's action because
11 the facts do not support a cause of action for civil harassment relief.
12 
13      First, Retzlaff's communications are constitutionally protected speech. Retzlaff has a
14 constitutional right to contact plaintiff's employers, clients, potential clients, and the
15 community at large about plaintiff's racially charged online activities, or his fitness and
16 qualifications for public office and being a member of the State Bar. *Org. for a Better Austin*
17 *v Keefe*, 402 U.S. 415 (1971); *NAACP v.  Claiborne Hardware Co.*, 458 U.S. 886 (1982).
18 
19      Second, plaintiff failed to
20 
21     i.    properly verify his petition (the notary signature is missing the signature date) (see ECF 1-1 at p. 8), as required by A.R.S. § 12-1809(B)(1); and
22 
23     ii.    include a **specific statement** showing events and dates of the acts constituting the alleged harassment (as required by A.R.S. § 12-1809(C)(3).
24 
25      Third, the conduct plaintiff alleges is not "harassment" (as that term is defined by
26 A.R.S. § 12-1809(S)) because it alleges conduct that is specifically protected by statute.
27 Retzlaff's speech is essentially the same as that which the Arizona Court of Appeals held to
28 

Defendant's Reply in Support of Anti-SLAPP Motion To Dismiss and For Sanctions-             4

have been unconstitutionally restrained in in *Streeter v. Visor*, 2015 Ariz. App. Unpub. LEXIS 1451.

### III. Van Dyke's Dismissal Of The Lawsuit Changes Nothing

A party's decision to nonsuit does not affect a nonmoving party's independent claims for affirmative relief, including motions for dismissal under the TCPA. See, e.g., *CTL/Thompson Tex., LLC v. Starwood Homeowner's Ass'n, Inc.*, 390 S.W.3d 299, 300 (Tex. 2013) (per curiam); *Villafani v. Trejo*, 251 S.W.3d 466, 467 (Tex. 2008); *James v. Calkins,* 446 S.W.3d 135, 142-44 (Tex. App.—Houston [1st Dist.] 2014, pet. denied).

### IV. Van Dyke's Objections Should Be Overruled

Retzlaff incorporates several exhibits (ECF 13-2-13-7 and ECF 19-1-19-21) by reference in his original answer and counterclaim. ECF 30. Retzlaff's answer is a pleading the Court must consider when deciding the TCPA motion. Plaintiff urges only conclusory objections to the exhibits offering no argument or authorities in support.

In considering a TCPA motion, a court considers pleadings and affidavits. Tex. Civ. Prac. & Rem. Code § 27.006(a). Texas courts consider documents attached to a TCPA motion as exhibits. *Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017) (such proof must be considered "irrespective of whether [it is] formally offered [] as evidence"); *Bedford v. Spassoff*, 520 S.W.3d 901, 906 (Tex. 2017) (considering evidence in petition and TCPA response, and noting that court reviewed documents filed in clerk's record or presented to the trial court in the reporter's record); *see also Price v. Buschemeyer*, No. 12-17-00180-CV, 2018 Tex. App. LEXIS 2314, *13-15 (Tex. App.—Tyler, Mar. 29, 2018, pet. filed). Additionally, Fed. R. Civ. P. 8(e) requires the Court to "construe[] pleadings so as to do

justice." *Dichter-Mad Family Partners v. U.S.*, 709 F.3d 749, 755 (9th Cir. 2013). Plaintiff's objections should be overruled.

## V. Retzlaff Objects To Van Dyke's Affidavit

Retzlaff objects to the Van Dyke's affidavit attached to his response to the TCPA motion. ECF 32-1. Specific objects are:

a) Paragraph 3: hearsay and speculation, also assumes facts not in evidence. Van Dyke offers no admissible evidence that Retzlaff runs a blog or is pseudonymously known as "Dean Anderson." None of this is relevant anyways.

b) Paragraphs 4 & 5: Dittos

c) Paragraph 6, 7 & 8: Hearsay and irrelevant.

d) Paragraph 10: Hearsay and irrelevant, also assumes facts not in evidence as to who runs a certain blog or who is "Dean Anderson."

Retzlaff would argue that bare allegations of fact, ultimate or conclusory facts, legal conclusions, and bizarre conspiracy theories consisting of nothing more than internet gossip are not sufficient. *BellSouth Telecomms v. W.R. Grace & Co.*, 77 F.3d 603, 615 (2nd Cir. 1996) (affidavits in s/j context); *see TIG Ins. v. Sedwick James*, 276 F,3d 754, 759 (5th Cir. 2002) (conclusory allegations, speculation, unsubstantiated assertions, and legalistic argumentation are no substitute for specific facts showing genuine dispute of material fact).

## B. CONCLUSION

Plaintiff's Petition for Civil Harassment Injunction is a "legal action" within the scope of the TCPA because Van Dyke is seeking equitable relief. Tex. Civ. Prac. & Rem. Code § 27.001(6). His pleadings spell this out quite clearly.

Defendant's Reply in Support of Anti-SLAPP Motion To Dismiss and For Sanctions-    6

Then the burden shifts to Van Dyke at "step two" to "establish by clear and specific evidence a *prima facie* case for each essential element of the claim in question." *In re Lipsky*, 460 S.W.3d 579, 587 (Tex. 2015) (internal alterations omitted) (citing CPRC § 27.005(c)).  This "requires more [than] mere notice pleading…[G]eneral allegations that merely recite the elements of a cause of action [] will not suffice.  Instead, [the party filing a legal action] must provide enough detail to show the factual basis for its claim." *Id.* at 590–91. "Bare, baseless opinions," "general averments," and "conclusory" statements do not satisfy this burden. *Id.* at 592–93 (collecting cases).

The fact that Van Dyke has filed a motion to dismiss his claim as soon as Retzlaff filed his TCPA motion shows the complete lack of merit of his claims.  Thus, Retzlaff wins.

As we have just seen in *Clifford v. Trump*, the TCPA not only applies in federal court, but it applies to federal courts within the Ninth Circuit.

 Respectfully submitted,

Dated: December 17, 2018        By:_____
                                                        Thomas Retzlaff
                                                        Defendant, In Pro Per

Defendant's Reply in Support of Anti-SLAPP Motion To Dismiss and For Sanctions-                7

# CERTIFICATE OF SERVICE

I certify that on December 17, 2018, a copy of this document was electronically filed on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following attorney in charge for plaintiff Jason Lee Van Dyke:

Jason L. Van Dyke, pro se, Email: jason@vandykelawfirm.com.

I certify that Jason L. Van Dyke is a registered CM/ECF user and that service will be accomplished by the CM/ECF system.



By:_____
Thomas Retzlaff
Defendant, In Pro Per