Thomas Retzlaff
PO Box 46424
Phoenix, AZ 85063-6424
P: (210) 317-9800
Email: retzlaff@texas.net

Defendant, Pro se

## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF ARIZONA
## PHOENIX DIVISION

| | |
|---|---|
| Jason Lee Van Dyke,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Thomas Christopher Retzlaff a/k/a Dean Anderson,<br><br>　　　　Defendant. | Case No.:  2:18-cv-04003-JJT<br><br><br>**EMERGENCY NOTICE OF IMPENDING ANTI-SLAPP DEADLINES AND REQUEST FOR HEARING ON RETZLAFF'S MOTION TO DISMISS** |

> **The Court should (i) observe the deadlines of TEX. CIV. PRAC. & REM. CODE § 27.001, *et seq*. (the Texas Citizens Participation Act, or "TCPA"); (ii) order a hearing on Retzlaff's TCPA motion to dismiss before the deadline passes on January 22, 2019; and (iii) dismiss all of plaintiff's claims within 30 days of the hearing.**

## A. INTRODUCTION

Plaintiff is licensed attorney Jason Lee Van Dyke, representing himself *pro se*; defendant is Thomas Christopher Retzlaff, "a/k/a Dean Anderson."

DEFENDANT'S EMERGENCY NOTICE OF IMPENDING DEADLINES- 1

On November 8, 2018, plaintiff sued Retzlaff in the Superior Court of Maricopa County seeking to obtain an *ex parte* restraining order and permanent injunction constituting an unconstitutional, content-based prior restraint on speech.  (**ECF 1-1**.)

On November 8, 2018, Retzlaff, acting on his own behalf *pro se*, removed plaintiff's case to this Court because there is complete diversity between the parties and because the amount in controversy is greater than $75,000.  *See* 28 U.S.C. § 1322(a).

On November 23, 2018, Retzlaff filed his *Anti-SLAPP Motion To Dismiss And Supporting Memorandum.*  (**ECF 13**.)  On December 2, 2018, Retzlaff filed his Supplemental Anti-SLAPP Exhibits.  (**ECF 19**.)

On December 10, 2018, Van Dyke filed his Response and Objections to Retzlaff's TCPA motion to dismiss.  (**ECF 32**.)

**HOWEVER**, on December 26, 2018, Van Dyke notified the Court that he "refuses to participate any further in this case" and he further stated that he no longer wishes to receive any notifications pertaining to this case as "such notifications are a waste of plaintiff's time."  (**ECF 41**.)  Thus, all of his pending motions and objections have been formally withdrawn as Van Dyke says he no longer wishes to participate in this lawsuit and he does not wish to be bothered by you people any more.

The likely reason for this is because plaintiff Jason Lee Van Dyke is currently a fugitive from justice facing criminal charges in Denton County, Texas, for which the Denton County Court has issued a no-bond arrest warrant.  These criminal charges are

regarding Van Dyke's repeated threats to murder Retzlaff on account of Retzlaff being the primary witness against Van Dyke in an upcoming disbarment hearing that is set for February 22, 2019, as well as for violating the conditions of bond from an earlier arrest for making false police reports as a part of an insurance fraud scheme.  See attached **Exhibit One** – Notice of Hearing from State Bar of Texas.[1]

## B.  ARGUMENT & AUTHORITIES

### 1.  The TCPA's Hearing and Ruling Deadlines In This Case

Based on the November 23, 2018, service of Retzlaff's Anti-SLAPP motion to dismiss (**ECF 13**), the TCPA's deadline for the Court to conduct a hearing on the motion is **January 22, 2019**.[2]

Should the Court judicially notice that its "docket conditions" do not permit a hearing within 60 days of service of the motion, the hearing deadline in the case at bar would be statutorily extended by another 30 days, or until **February 21, 2019**.  Tex. Civ. Prac. & Rem. Code § 27.004(b).  The Court had not taken *formal* judicial notice of its "docket conditions" as of the date this request was filed, and Retzlaff has no idea what they might be.

---

[1]     FYI – In an attempt to confer with Van Dyke about this emergency notice, Retzlaff learned that Van Dyke's phone has been disconnected and he is not receiving any emails.

[2]     A hearing must be held within 60 days of service of the motion, in most cases. Tex. Civ. Prac. & Rem. Code § 27.004(a).

The Court's statutory deadline to rule on Retzlaff's TCPA motion is the 30th day after the date of the hearing on the motion.  Tex. Civ. Prac. & Rem. Code § 27.005(a).  See **Exhibit 2** –Texas Civil Practices & Remedies Code chapter 27.

## 2.  The TCPA's Hearing & Ruling Deadlines Apply In Federal Court

As stated in Retzlaff's anti-SLAPP motion (**ECF 13**), the Texas Citizens Participation Act applies to this case.  Due to Arizona choice-of-law provisions, the Texas Anti-SLAPP statute is applicable to this case involving a plaintiff who claims Texas citizenship and who claims his injuries happened in Texas.  *Pounders v. Enserch E&C Inc.*, 306 P.3d 9, 11-13 (Ariz. 2013); *see, e.g., Clifford v. Trump*, 2018 U.S. Dist. LEXIS 178688, *7-9 (C.D. of Calif. Oct 15, 2018) (applying TCPA to Calif. lawsuit involving Pres. Trump due to choice-of-law principals).

The TCPA uses procedural mechanisms to safeguard important *substantive* rights.  As the Ninth Circuit observed in reaffirming that California's anti-SLAPP statute is applicable in federal court:

> **Refusing to recognize [the limitations placed on SLAPPs by seven state legislatures is] bad policy…. If we ignore how state legislatures have limited actions under their own laws, we not only flush away state legislatures' considered decisions on matters of state law, but we also put the federal courts at risk of being swept away in a rising tide of frivolous state actions that would be filed in our circuit's federal courts.**

*Makeoff v. Trump University, LLC*, 736 F.3d 1180, 1181-87 (9th Cir. 2013).

The reasoning of the Court's finding state anti-SLAPP laws applicable in federal

court is consistent with the "outcome determination" test used in this circuit to determine whether a state rule or law is procedural or substantive. *Cnty. of Orange v. United States Dist. Court*, 784 F.3d 520, 528 (9th Cir. 2015). Under the outcome-determination test, courts consider whether it would "significantly affect the result of a litigation for a federal court to disregard a law of a State that would be controlling in an action upon the same claim by the same parties in a State court." *Gasperini v. Ctr. For Humanities*, 518 U.S. 415, 427 (1996). That test, however, "must be guided by 'the twin aims of the *Erie* rule: discouragement of forum-shopping and avoidance of inequitable administration of the laws.'" *Gasperini*, 518 U.S. at 428; *see also U.S. ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 972-73 (9th Cir. 1999) (California's anti-SLAPP statute furthered "substantive" interests and served dual *Erie* purposes).

## C.  PRAYER

For these reasons, Retzlaff asks the Court to take immediate notice of the January 21 deadline to conduct a hearing on Retzlaff's TCPA anti-SLAPP motion to dismiss or, in the alternative, should the Court judicially notice that its "docket conditions" do not permit a hearing within 60 days of service of the motion, the hearing deadline in the case at bar would be statutorily extended by another 30 days, or until **February 21, 2019.**

DEFENDANT'S EMERGENCY NOTICE OF IMPENDING DEADLINES- 5

Respectfully submitted,

Dated: January 4, 2019          By:_____
                                    Thomas Retzlaff
                                    Defendant, In Pro Per

# CERTIFICATE OF SERVICE

I certify that on January 4, 2019, a copy of this document was electronically filed on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following attorney in charge for plaintiff Jason Lee Van Dyke:

Jason L. Van Dyke, pro se, Email: jason@vandykelawfirm.com.

I certify that Jason L. Van Dyke is a registered CM/ECF user and that service will be accomplished by the CM/ECF system.

By:_____
Thomas Retzlaff
Defendant, In Pro Per

DEFENDANT'S EMERGENCY NOTICE OF IMPENDING DEADLINES- 7