Jason Lee Van Dyke
108 Durango Drive
Crossroads, TX 76227
P - (469) 687-9526
F - (972) 421-1830
E - jasonleevandyke@gmail.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA
## PHOENIX DIVISION

| | |
|---|---|
| JASON LEE VAN DYKE § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. CV-18-4003-PHX |
| § | |
| THOMAS CHRISTOPHER RETZLAFF § | |
| Defendant. § | |

### PLAINTIFF'S NOTICE CONCERNING PENDING MOTIONS AND MOTION TO STRIKE SCANDALOUS PLEADINGS

In obedience to this Court's order dated January 3, 2019, Plaintiff tenders to this Court a list of Plaintiff's pending motions which require a ruling:

### I. PENDING MOTIONS

1. Plaintiff's Motion to Remand (ECF 11). Filed November 19, 2018. Plaintiff requests a ruling on this motion because Defendant wrongfully removed this case to federal court although this Court clearly lacks subject matter jurisdiction. This Court should remand this case to the Superior Court in and for Maricopa County, Arizona. This action would render all other pending motions, filed by Plaintiff or Defendant in this case, moot. Plaintiff would further remind the Court that Defendant has failed to file a sufficient notice of removal in this case as previously

ordered. See ECF 10.

2. Plaintiff's Motion to Dismiss Counterclaim (ECF 27). Filed December 4, 2018. Defendant has filed a baseless counterclaim against Plaintiff for intentional infliction of emotional distress, claiming an amount of $75,000.00 in damages, for the sole purpose of trying to create federal jurisdiction in this case where none exists. Plaintiff is entitled to judgment on the pleadings pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. However, a ruling on this motion will be unnecessary of this Court remands this case to state court.

3. If this Court denies Plaintiff's motion to remand, he will require a ruling on his Motion for Court-Ordered Dismissal (ECF 31) filed on December 10, 2018. The basis for this motion is simple: Defendant has harassed and stalked Plaintiff in an ongoing and continuous manner since March of 2017. Plaintiff has lost faith that this or any other Court is capable of rendering relief that will compel Defendant to leave him alone. Accordingly, it is a waste of Plaintiff's time and of this Court's time to continue litigating this case. Defendant is a convicted felon, a known pedophile, a sociopath, and a serial stalker with absolutely no regard for the rights of others. There is no relief – short of sending Defendant back to prison where he belongs – that will provide Plaintiff the relief he seeks.

4. Plaintiff denies that Defendant's motion to dismiss under the Texas Citizens Participation Act (ECF 13) should be considered by this Court for any reason other than to consider an award of sanctions in favor of Plaintiff and against Defendant for filing a clearly frivolous motion. In the other litigation between these parties,

Judge Amos Mazzant III has already found that the Texas Citizens Participation Act is inapplicable in federal court regardless of whether the statute is procedural or substantive in nature. See attached Exhibit "A". In fact, this very issue is presently being litigated by the parties before the 5th Circuit Court of Appeals in Case No. 18-40710. In any case, the motion should be denied because Plaintiff was clearly entitled to the relief he sought in this case: a court order prohibiting Defendant from further contact with Plaintiff, members of Plaintiff's family, and Plaintiff's clients. Defendant is under the delusion that the First Amendment gives him the right to harass Plaintiff to whatever extent he sees fit, and further, is under the delusion that he is entitled to attorney fees in a case such as this where he is not an attorney and is not represented by an attorney.

## II. MOTION TO STRIKE

5. Consistent with Defendant's typical behavior, he has also filed several notices (ECF 40 and 41) for the sole purpose of harassing Plaintiff. Defendant has previously been ordered to refrain from filing such materials. See ECF 18 and 23. Defendant has abused, and is continuing to abuse, his electronic filing privileges in this case. Plaintiff asks that Defendants latest frivolous notices, which serve no legitimate purpose other than to harass Plaintiff, be stricken pursuant to Local Rule of Civil Procedure 7.2(m)(1). Plaintiff also prays that Defendant be sanctioned in such a manner as this Court deems just and appropriate and that his electronic filing privileges be immediately terminated.

### III.     PRAYER

6. As Plaintiff has previously argued, there is no relief that this or any other civil court can grant to him that will stop Defendant ongoing stalking behavior. This case has already been hijacked by Defendant as a means to continue harassing Plaintiff. This Court should grant Plaintiff's motion to remand, because doing so would be the quickest way to bring this case to an end. In the alternative, this Court should dismiss this case entirely.

7. Prior to dismissal, this Court should strike Defendant's latest notices (ECF 40 and 41) and sanction Defendant for repeatedly violating Local Rule 7.2(m)(1). If this Court does not dismiss this case, Defendant's electronic filing privileges should be rescinded.

      Respectfully submitted,

      /s/ Jason Lee Van Dyke
      Jason L. Van Dyke
      108 Durango Drive
      Crossroads, TX 76227
      P – (469) 687-9526
      F – (972) 421-1830
      Email:  jasonleevandyke@gmail.com

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served on Thomas Christopher Retzlaff, Defendant, by electronic filing on January 5, 2019.

      /s/ Jason Lee Van Dyke
      JASON L.VAN DYKE