# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| JASON LEE VAN DYKE § | |
| § | |
| § | Civil Action No. 4:18-CV-247 |
| v. § | Judge Mazzant |
| § | |
| THOMAS RETZLAFF, a/k/a DEAN § | |
| ANDERSON, d/b/a VIA VIEW FILES LLC, § | |
| and VIA VIEW FILES § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Thomas Retzlaff's Second Amended TCPA Motion to Dismiss (Dkt. #44), Defendant's Notice of Approaching TCPA Deadlines and Request for Hearing (Dkt. #59), Defendant's First Amended Notice of Approaching TCPA Deadlines and Motion to Set Hearing (Dkt. #67), and Joint Motion for Clarifying Order (Dkt. #55). After reviewing the relevant pleadings and motions, the Court finds that all the motions should be denied.

## BACKGROUND

On March 28, 2018, Plaintiff Jason Lee Van Dyke filed suit against Defendant in the 431st State District Court of Texas. On April 10, 2018, Defendant removed the case to federal court. The basis of Plaintiff's claims revolve around numerous allegedly harassing, false, and defamatory statements and publications made by Defendant about Plaintiff. On April 11, 2018, Plaintiff filed his Second Amended Complaint asserting claims for libel per se, intrusion on seclusion, and tortious interference with an existing contract (Dkt. #7). On April 10, 2018, Defendant filed a Motion to Dismiss pursuant to the Texas Citizens Participation Act ("TCPA") (Dkt. #5), which the Court denied as moot pursuant to Plaintiff's amended complaint (Dkt. #53). As a result, on May 22, 2018, Defendant filed his Second Amended TCPA Motion to Dismiss (Dkt. #44). On

May 29, 2018, Plaintiff filed his response (Dkt. #48). On June 11, 2018, the parties filed a Joint Motion for Clarifying Order (Dkt. #55). Specifically, the parties request clarification as to whether discovery is stayed in this case as a result of Defendant's motion to dismiss. On July 3, 2018, Defendant filed a Notice of Approaching TCPA Deadlines and Request for Hearing (Dkt. #59). On July 20, 2018, Defendant filed a First Amended Notice of Approaching TCPA Deadlines and Motion to Set Hearing (Dkt. #67). The Court first addresses whether the TCPA applies in federal court, then discusses the requests for a hearing and clarification.

## ANALYSIS

The TCPA is an anti-SLAPP ("Strategic Litigation Against Public Participation") statute that is designed to "encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." TEX. CIV. PRAC. & REM. CODE § 27.002. "To achieve this, the TCPA provides a means for a defendant, early in the lawsuit, to seek dismissal of certain claims in the lawsuit." *NCDR, L.L.C. v. Mauze & Bagby, P.L.L.C.*, 745 F.3d 742, 746 (5th Cir. 2014).

Filing a motion to dismiss under the TCPA "stops discovery in the action until the court has ruled, save for limited discovery relevant to the motion." *Cuba v. Pylant*, 814 F.3d 701, 707 (5th Cir. 2016) (citing TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.003(c), 27.006(b) (West 2011)). Moreover, the statute provides an accelerated timetable for addressing such a motion: "[t]he court must set a hearing on the motion within 60 days of service (90 or 120 days in certain exceptional cases involving crowded dockets, good cause, or TCPA-related discovery) . . . and the court must rule on the motion within 30 days after the hearing." *Id.* (citing TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.004, 27.005 (West 2011)). If a court fails to abide by such deadlines, the motion is

deemed denied by operation of law and the defendants may appeal. *See* TEX. CIV. PRAC. & REM. CODE § 27.008(a).

Defendant avers that the TCPA not only applies in federal court but also requires that the Court dismiss all of Plaintiff's claims (Dkt. #44 at pp. 3; 26). Federal courts sitting in diversity[1] apply state substantive law rather than federal common law. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Stated differently, federal courts apply state common law but federal procedural rules. *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996); *Foradori v. Harris*, 523 F.3d 477, 486 (5th Cir. 2008). Performing an *Erie* analysis involves a multi-step inquiry. First, the Court must determine whether the statute is procedural or substantive. State procedural statutes are not applied in federal courts. *Erie*, 304 U.S. at 78. Second, the Court determines whether the state substantive law conflicts with federal procedural rules; if so, then the federal rule applies. *All Plaintiffs v. All Defendants*, 645 F.3d 329, 333 (5th Cir. 2011).

The Fifth Circuit has yet to address whether the TCPA is procedural or substantive, or whether it applies in federal court. *See Diamond Consortium, Inc. v. Hammervold*, No. 17-40582, 2018 WL 2077910, at *3 n.3 (5th Cir. May 3, 2018) ("we follow previous panels in assuming without deciding that Texas's anti-SLAPP statute applies in federal court."); *Block v. Tanenhaus*, 867 F.3d 585, 589 (5th Cir. 2017) ("[t]he applicability of state anti-SLAPP statutes in federal court is an important and unresolved issue in this circuit."); *Cuba*, 814 F.3d at 706 ("we first review the TCPA framework, which we assume—without deciding—controls as the state substantive law in these diversity suits."); *Culbertson v. Lykos*, 790 F.3d 608, 631 (5th Cir. 2015) ("[w]e have not specifically held that the TCPA applies in federal court; at most we have assumed without deciding its applicability."). Although the Fifth Circuit has assumed that the TCPA is a controlling state

---

[1] Here, the Court's jurisdiction is based on diversity of citizenship. *See* (Dkt. #7 at ¶ 2.1).

3

substantive statute, *Cuba*, 814 F.3d at 706, the Court finds persuasive the dissent in *Cuba*. Specifically, United States Circuit Judge James E. Graves in his dissent found that

> the TCPA is procedural and must be ignored. The TCPA is codified in the Texas Civil Practice and Remedies Code, provides for a pre-trial motion to dismiss claims subject to its coverage, establishes time limits for consideration of such motions to dismiss, grants a right to appeal a denial of the motion, and authorizes the award of attorneys' fees if a claim is dismissed. This creates no substantive rule of Texas law; rather, the TCPA is clearly a procedural mechanism for speedy dismissal of a meritless lawsuit that infringes on certain constitutional protections. Because the TCPA is procedural, I would follow *Erie's* command and apply the federal rules.

*Cuba*, 814 F.3d at 720 (citations omitted). The dissent continued to explain that even if the TCPA were substantive, it is inapplicable in federal court because it conflicts with Federal Rules of Civil Procedure 12 and 56. *Id.* at 719–720. As such, the dissent concluded that

> the TCPA is procedural and we may not apply it when sitting in diversity. Even if, however, it could be said that the TCPA is substantive, then there is no doubt that it must yield to the Federal Rules of Civil Procedure because it directly conflicts with the pre-trial dismissal mechanisms of Rules 12 and 56.

*Id.* at 721.

Agreeing with the dissent in *Cuba*, United States Magistrate Judge Andrew W. Austin in the Western District of Texas denied a motion to dismiss pursuant to the TCPA. *Rudkin v. Roger Beasley Imports, Inc.*, No. 1:17-CV-849, 2017 WL 6622561, at *1–*3 (W.D. Tex. Dec. 28, 2017), *report and recommendation adopted*, 2018 WL 2122896.[2] Specifically, Magistrate Judge Austin found that

> the TCPA contains procedural provisions setting forth deadlines to seek dismissal, deadlines to respond, and even deadlines for the court to rule, as well as appellate rights, and the recovery of attorney's fees. It is a procedural statute and thus not applicable in federal court. Even if the statute is viewed to be somehow substantive, it still cannot be applied in federal court, as its provisions conflict with Rules 12 and 56, rules well within Congress's rulemaking authority.

*Id.* at *3.

---

[2] The Court notes that although *Rudkin* is currently on appeal to the Fifth Circuit, a ruling has not yet been issued.

4

Adopting the reasoning of the dissent in *Cuba* and the District Court in the Western District of Texas, the Court finds that the TCPA, regardless if classified as procedural or substantive, does not apply in federal court. Accordingly, the Court finds that Defendants' motion to dismiss should be denied. Consequently, the Court further finds that Defendant's requests for a hearing on his motion to dismiss should be denied as moot. Finally, the Court clarifies that discovery is not stayed in this case. Instead, the deadlines as set out in the Court's Scheduling Order (Dkt. #54) are to remain in effect.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Second Amended TCPA Motion to Dismiss (Dkt. #44) is hereby **DENIED**. It is further **ORDERED** that Defendant's Notice of Approaching TCPA Deadlines and Request for Hearing (Dkt. #59) and First Amended Notice of Approaching TCPA Deadlines and Motion to Set Hearing (Dkt. #67) are hereby **DENIED as moot**. Regarding the parties' Joint Motion for Clarifying Order (Dkt. #55), the parties are **ORDERED** to abide by the deadlines as set out in the Court's Scheduling Order (Dkt. #54).

**SIGNED this 24th day of July, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE