**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Lee Van Dyke,<br><br>    Plaintiff,<br><br>v.<br><br>Thomas Christopher Retzlaff,<br><br>    Defendant. | No. CV-18-04003-PHX-SMB<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion to Remand (Doc. 11, "Mot."). On November 8, 2018, Defendant filed a Notice of Removal (Doc. 1, "Notice"). Plaintiff filed the Motion to Remand on November 9, 2018, and Defendant subsequently filed an opposition to Plaintiff's Motion to Remand on December 3, 2018 (Doc. 21, "Resp."). For the reasons stated below, Plaintiff's Motion to Remand is GRANTED.

## I.  Legal Standard

"Under 28 U.S.C. § 1441(a), the district courts have removal jurisdiction over any claim that could have been brought in federal court originally." *Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 686–87 (9th Cir. 2007). Under 28 U.S.C. § 1332, federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States[.]"  "Where doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *see also*

*Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

"When the amount in controversy is in dispute or unclear, 'the Supreme Court has drawn a sharp distinction between original jurisdiction and removal jurisdiction.'" *Int'l Tech. Coatings, Inc. v. Trover*, No. 2:12-CV-01007-JAT, 2012 WL 2301382, at *2 (D. Ariz. June 18, 2012) (quoting *Gaus*, 980 F.2d at 566). "In a removed case, . . . the plaintiff chose a state rather than federal forum. Because the plaintiff instituted the case in state court, 'there is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court[.]'" *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 375 (9th Cir.1997) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938)).

In cases where no dollar amount is demanded in the complaint, "the removing defendant bears the burden of proving by a preponderance of evidence that the amount in controversy exceeds" the jurisdictional threshold. *Id.* at 376 (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir.1996)). "[T]he defendant must set forth facts supporting the assertion that the amount in controversy exceeds the statutory minimum." *Int'l Tech.*, 2012 WL 2301382, at *3 (citing *Gaus*, 980 F.2d at 567). "The court may consider whether it is 'facially apparent' from the complaint that the amount in controversy has been met," and "[i]f it is not facially apparent, the court may consider facts in the removal petition or 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Plexus Worldwide LLC v. TruVision Health LLC*, No. CV-14-02093-PHX-ROS, 2014 WL 12650627, at *2 (D. Ariz. Dec. 22, 2014) (quoting *Singer*, 116 F.3d at 377).

**II.    Analysis**

Neither party argues that there is not complete diversity of citizenship. (Resp. at 2) (noting that Plaintiff states he is a citizen of Texas and Defendant states he is a citizen of Arizona). Plaintiff, however, argues that this case should be remanded to state court because the amount in controversy does not exceed $75,000. (Mot. at 2). Plaintiff contends

that the "only relief sought by Plaintiff in state court was an injunction against harassment" and that "Plaintiff seeks no monetary relief from Defendant in this case[.]" (Mot at 2).

In response, Defendant first states that Plaintiff filed a lawsuit in Texas seeking "identical injunctive relief, along with a claim for damages amounting to" $100 million. (Resp. at 3); (Notice at 2–3). Defendant next asserts that he "wins" whether the Court values injunctive relief on the theory of "plaintiff-viewpoint rule" or the "either-viewpoint technique." (Resp. at 3). Defendant further argues that he has filed a counterclaim for intentional infliction of emotional distress and that he seeks damages in excess of $75,000. (Resp. at 4). In conclusion, Defendant states that "Van Dyke is seeking $100 million in damages," "Retzlaff has counterclaimed seeking in excess of $75,000 in damages," and "Retzlaff is seeking $1 million in mandatory sanctions and attorney's fees pursuant to the Texas anti-SLAPP statute."[1] (Resp. at 6). As Defendant bears the burden of proving that the amount in controversy exceeds $75,000, the Court will review each of Defendant's assertions as to why removal jurisdiction exists in this case.

First, Defendant claims that that Plaintiff seeks $100 million damages in a case pending in the U.S. District Court for the Eastern District of Texas. (Notice at 2); (Resp. at 3). However, any amount in controversy in that case does not affect the amount in controversy in the instant action. Here, the complaint on its face does not seek any monetary damages.

Second, in calculating the amount in controversy, this Court does not consider the amount of Defendant's counterclaim. When determining the amount in controversy, "the great weight of authority favors [the] position that the amount of a counterclaim may not be considered[.]" *Mesa Indus., Inc. v. Eaglebrook Prod., Inc.*, 980 F. Supp. 323, 326 (D. Ariz. 1997) (collecting cases); *see also Int'l Tech.*, 2012 WL 2301382, at *5 (noting that this Court cannot consider a defendant's counterclaims when calculating the amount in controversy); *Breckenridge Prop. Fund 2016, LLC v. Gonzalez*, No. 17-CV-03915-JCS, 2017 WL 3381155, at *3 (N.D. Cal. Aug. 7, 2017) ("The amount in controversy is

---

[1] Defendant's Notice of Removal (Doc. 1) provides similar arguments to Defendant's Response (Doc. 21).

- 3 -

evaluated only with reference to the complaint and does not take into account counterclaims."). Similarly, the Court would not consider any amount sought by Defendant for sanctions and attorney's fees in his pending motion to dismiss (Doc. 13).

Lastly, the Court will consider Defendant's assertion that he wins whether the Court values injunctive relief on the theory of "plaintiff-viewpoint rule" or the "either-viewpoint technique." "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 775 (9th Cir. 2017) (quoting *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002)). In the Ninth Circuit, the Court uses an "'either viewpoint' rule." *Stelzer v. CarMax Auto Superstores California, LLC*, No. 13-CV-1788 BAS JMA, 2014 WL 3700269, at *3 (S.D. Cal. July 24, 2014) (citing *Ridder Bros. Inc., v. Blethen*, 142 F.2d 395, 399 (9th Cir.1944)). "Under the 'either viewpoint' rule, the test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce." *In re Ford Motor Co./Citibank (S. Dakota), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001) (citing *Ridder Bros.*, 142 F.2d at 399); *see also Stelzer*, 2014 WL 3700269, at *3 ("Under this rule, either the plaintiff's potential recovery or the potential cost to the defendant of complying with the injunction must exceed the jurisdictional threshold.").

Defendant merely states that he "wins" under either view, (Resp. at 3), but does not attempt to place any value on the injunctive relief in the Notice of Removal (Doc. 1) or Response (Doc. 21). In the Motion to Remand, Plaintiff asserts that he seeks only an injunction against harassment, and if the Court were to value the relief from Plaintiff's perspective, it would be required to look at the value of such an injunction to Plaintiff, including possible future interference with Plaintiff's employment opportunities. (Mot. at 3–4). But Plaintiff claims that the value of such potential benefits would not exceed the jurisdictional threshold of $75,000 and Defendant has not provided evidence to the contrary. (Mot. at 4); *see also Kilgore v. Providence Place Mall*, No. CV 16-135S, 2016 WL 3092990, at *3 (D.R.I. Apr. 1, 2016), report and recommendation adopted, No. CV

16-135 S, 2016 WL 3093450 (D.R.I. June 1, 2016) (finding no jurisdiction when an injunction against harassment did not have a pecuniary consequence of more than $75,000). Plaintiff also asserts that "the cost to Defendant of complying with the injunctive relief sought by Plaintiff is zero. (Mot. at 3). It is Defendant's burden to prove the amount in controversy exceeds $75,000, and because the Defendant has not met the burden of showing that the value of the injunction would exceed $75,000, remand is required.

Accordingly, **IT IS ORDERED**:

1. That Plaintiff's Motion to Remand (Doc. 11) is **GRANTED**;
2. That all other outstanding motions are denied as moot; and
3. That the Clerk of Court shall remand this case to Maricopa County Superior Court and terminate this action.

Dated this 22nd day of January, 2019.

Honorable Susan M. Brnovich
United States District Judge