Filed: 1/25/2019 12:27 PM
Juli Luke
Denton County, County Clerk
By: Meagan Bronder, Deputy

CR-2018-07544-E

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE COUNTY |
| | § | |
| VS. | § | CRIMINAL COURT NO. 5 |
| | § | |
| JASON VANDYKE | § | DENTON COUNTY, TEXAS |

## STATE'S MOTION REQUESTING FORFEITURE BY WRONGDOING

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the State of Texas by and through her Assistant District Attorney, Robert Frey, and files this Motion Requesting Forfeiture by Wrongdoing, pursuant to Article 38.49 of the Texas Code of Criminal Procedure, and in support thereof would respectfully show the Court the following:

I.

The State requests that the Court find the Defendant has forfeited his rights to confrontation under both the Sixth Amendment to the United States Constitution and Article 1, Section 10 of the Texas Constitution, by wrongfully procuring the unavailability of a potential State's witness in this case, Isaac Marquardt. The State further requests that the Court find the Defendant has forfeited his right to object to the admissibility of evidence or statements made by Isaac Marquardt based on Mr. Marquardt's unavailability as a witness at trial in this cause.

II.

Article 38.49, Subsection (a), of the Texas Code of Criminal Procedure states that "[a] party to a criminal case who wrongfully procures the unavailability of a witness or prospective witness: may not benefit from the wrongdoing by depriving the trier of fact of relevant evidence and testimony; and forfeits the party's right to object to the admissibility of evidence or statements based on the unavailability of the witness as provided by this article through forfeiture by wrongdoing." Whether forfeiture by wrongdoing occurred is determined by a preponderance of the evidence. Tex. Code Crim. Proc. Art. 38.49(c).

III.

The State anticipates showing at a hearing on this motion evidence regarding:
- conduct engaged in by the Defendant designed to prevent Mr. Marquardt from testifying;
- the Defendant's intent and motivation to prevent Mr. Marquardt from testifying;
- the State's good-faith efforts to locate and procure the attendance of Mr. Marquardt as a witness at trial;
- the State's inability to produce Mr. Marquardt as a witness at trial despite such good-faith efforts; and

- that Mr. Marquardt's unavailability as a witness at trial is at least partially attributable to the Defendant's action.

IV.

WHERFORE, PREMISES CONSIDERED, the State prays the Court grant this motion and find that the Defendant has forfeited his right to confront Isaac Marquardt and to object to the admissibility of evidence of statements made by Isaac Marquardt based on Mr. Marquardt's unavailability as a witness in this case due to Defendant's wrongdoing.

Respectfully submitted,

Robert Frey
Assistant Criminal District Attorney
Denton County, Texas
SBN 24091269
robert.frey@dentoncounty.com

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing notice was served, in compliance with the Statewide Rules Governing Electronic Filing in Criminal Cases, on the Defendant's attorney of record on this the 25th day of January, 2019.

Robert Frey
Assistant Criminal District Attorney